## AFFRIA FOOKS and ANNA FOOKS, His Wife,
### *vs.*
## ELMER C. WILLIAMS.

*Equity : amendments; must not make entire new bill. Partner-
ship : bill to dissolve; may not, by amendment, become bill by
co-tenant for sale of property; dissolution of partnership;
essential allegations in bill; receivers; real estate pur-
. chased with partnership assets. Demurrers in
equity : waiver of objections, by answers.*

A plaintiff is not at liberty to abandon the entire case made by
his bill and make a new and different case by way of amend-
ment.                           p. 440

A bill for the dissolution of a partnership, for the settlement
of accounts as between the parties, and the disposition of the
partnership property, can not be amended into a bill by one
tenant in common against his co-tenant for the sale of prop-
erty not susceptible of division.            p. 440

A. bill for the dissolution of a partnership on the ground of
irreconcilable differences should not merely allege such dif-
ferences, but should also allege facts sufficient in their char-
acter to make it appear to the Court that, if supported by
proof, the differences were irreconcilable and of such a nature
as to terminate or seriously imperil a continuance of the part-
nership relation.                    p. 440

Where a partnership has been formed for the purchase, im-
provement and selling of real estate, the allegations of one
partner that the other would not agree to sell at a fair and
reasonable profit, and that having agreed to a sale, he refused
to consummate it, are not sufficient to support a bill for the
dissolution of the partnership.          pp. 440-441

The dissolution of a partnership by decree of Court may be
refused when the circumstances of the particular case render
such dissolution improper, as where large operations have
been begun which could not be arrested without serious loss.
                                 p. 441

By answering the bill, a defendant waives any objection that he might have raised by demurrer.                    p. 441

If there are proper allegations in a bill for the dissolution of a partnership, and the evidence shows that the mutual confidence of the partners is destroyed; that frequent bickerings have induced the belief in the mind of each that the other is endeavoring to overreach or gain unfair advantage, the dissolution should be decreed.                    p. 441

A partnership at will may be terminated at any time upon notice given; and a bill of complaint for the dissolution of the partnership is all the notice that is required. pp.441-442

It is only necessary to appoint a receiver, upon the dissolution of a partnership, in cases where the partners can not agree among themselves for a division of the property.        p. 442

Real estate purchased with partnership assets is considered in equity as personalty, for the purpose of settling the partnership accounts, in paying creditors, etc., but the sale or transfer of the realty must be in accordance with the statutes governing the conveyance of real estate.                    p. 442

But as regards creditors of the firm, or the adjustment of accounts between the partners themselves, where real estate is purchased with partnership funds, for partnership uses, equity treats it as personalty.                    p. 442

When, however, the property has fulfilled all its functions as personal property as regards the partnership, partners and creditors, and is no longer wanted for these purposes, it becomes, in the hands of those who hold the legal title, real estate, subject to all the incidents thereof.                    p. 443

*Decided April 10th, 1913.*

Appeal from the Circuit Court for Wicomico County (sitting in equity), (JONES, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George W. D. Waller* and *James E. Ellegood* (with whom were *F. L. Wailes* and *Henry B. Freeny* on the brief), for the appellant.

*Alexander M. Jackson* and *Joshua W. Miles,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

In November, 1909, the plaintiff and defendant entered into a verbal agreement of partnership for the purchase, laying out, developing and selling of real estate in or near to the town of Salisbury. No time limit was agreed upon for the duration of the partnership and it was thus a partnership at will. In pursuance of the agreement so entered into certain tracts of land were purchased as shown by four deeds, filed as exhibits with the bill of complaint, in which the conveyances were made to the parties to this proceeding as tenants in common, or to them, their heirs and assigns, without more particular designation. A surveyor was employed to lay out the land into lots for the purposes of sale, and two lots were in fact sold. On November 4th, 1910, the plaintiff filed a bill in the Circuit Court for Wicomico County, in which, after alleging the formation of the partnership, the purchase of the property for the purposes for which the partnership was formed, further alleged "that serious and irreconcilable differences and disagreements" had arisen between the parties, and that the plaintiff was desirous of dissolving the partnership. The bill further alleged that the defendant would not agree to sell the property at a fair and reasonable profit, and that after the defendant had agreed to a sale, he had refused to consummate the same, and that the plaintiff believed that the defendant had attempted to make a profit from the plaintiff by means of a pretended purchaser. The bill prayed for the appointment of a receiver to take charge of the partnership assets, to preserve and dispose of them under the direction of the Court; for an in-

junction against the defendant from selling or disposing of or withholding from the receiver any of the partnership property; that the partnership might be dissolved, an accounting had between the partners; that the effects and property of the partnership might be sold and applied to the payment of its debts and liabilities, and the residue distributed between the parties.

The defendant appeared and answered, admitting the partnership, the purchase of property, but denying the other material allegations of the bill. The case then proceeded to testimony and a large amount was taken, the bulk of which throws but little light upon the real issues of the case.

At the conclusion of the evidence, and before the case was heard by the Court, the plaintiff applied for leave to amend his original bill, and permission having been granted filed a new and amended bill of complaint.

The defendants moved to dismiss the petition of the plaintiff for leave thus to amend the original bill, but the motion was denied, and a demurrer of Edith Williams, one of the defendants named in the amended bill, to the amended bill was overruled. The case having been argued and submitted to the Court, the bill was dismissed and this appeal taken.

The amended bill differed from the original bill in the following respects: It made the wife of Affria Fooks a party plaintiff, and the wife of Elmer C. Williams a party defendant; it is alleged that Fooks and Williams were concurrent owners of the property, "that is to say tenants in common, and that the land is not susceptible of partition without material loss and injury to the parties entitled, and that it would be necessary that the real esate be sold and the proceeds divided between the parties according to their several interests."

The original bill was a bill for the dissolution of a partnership, the settlement of accounts as between the partners and the disposition of the partnership property; the amended bill was a bill by one tenant in common against his co-tenant

for the sale of property insusceptible of division in kind, a radically different form of proceeding. While the statute in this State gives great liberty of amendment, as was said by the late Judge McSherry, in *Smith* v. *Hooper,* 95 Md. 36, "a plaintiff is not at liberty to abandon the entire case made by his bill and to make a new and different case by way of amendment," and the same principle is laid down in *Miller's Equity,* sec. 186; *Bannon* v. *Comegys,* 69 Md. 411; *Benscotter* v. *Green,* 60 Md. 327. It therefore follows that the demurrer of Mrs. Williams to the amended bill should have been sustained, and that the motion of the defendants to dismiss the plaintiff's petition to amend his original bill should have been granted inasmuch as that petition set forth in terms the character of the amendment proposed to be made, and the radical difference in the nature of the proposed amended bill from the original bill was apparent on the face of the petition.

The allegations of the original bill were weak and hardly sufficient for the granting of relief such as that prayed. A bill of this character should not merely allege irreconcilable differences between the partners, but should also allege facts sufficient in their character to make it apparent to the Court that, if supported by proof, the differences were irreconcilable, and of such a nature as terminated or seriously imperiled any further continuance of the relation. If we look for such facts in this case, there are but two that can be said to be alleged; namely, that Williams would not agree with the plaintiff to sell the property at a fair and reasonable profit; but what might be a fair and reasonable profit in a land speculation was a matter of opinion upon which two persons might honestly differ in the exercise of the utmost good faith upon each side, and a mere error of judgment is never a ground for the dissolution of a partnership. 30 *Cyc.* 657-58. The second fact alleged was, that Williams after having agreed to sell declined to consummate the sale when the time for the execution of the deed arrived, and yet this,

so far as any allegation in the bill is concerned, might have
been a perfectly proper and just act upon his part; as for
example, if the deed had contained special covenants not
embraced in the terms of the agreement for sale. If the
original bill had been demurred to for its lack of definiteness,
or even as being prematurely filed, such a demurrer could
properly have been sustained. The partnership had been
entered into according to the undisputed testimony, and the
plats filed, for the acquisition, development in laying out
streets and dividing into town building lots land, heretofore
used as farming land; operations of that character for their
successful conduct and conclusion inevitably require the
lapse of some considerable period of time, and the dissolution
of a partnership by a decree of Court may be refused when
circumstances of a particular case render such dissolution
improper, as where a large operation has been begun which
can not be arrested without serious loss. 30 *Cyc.* 656, and
cases there cited. Mr. Williams, however, did not demur to
the original bill; he saw fit to answer, thereby waiving any
objection which he might have properly taken to the form of
the original bill, and the case in due course reached the tak-
ing of testimony, and a large volume of evidence was offered
upon either side. The testimony in regard to many of the
important facts is involved in contradiction, but one fact
does clearly appear, and that is, the mutual confidence in
each other which must exist between those who bear the legal
relation of partners has been destroyed; the frequent, petty
bickerings between them have induced a well established
belief in the mind of each, that the other was endeavoring to
over-reach, or gain some unfair advantage, and in such a
condition of mutual distrust, the continuance of a successful
partnership is manifestly impossible. In such a condition a
case is presented which fully warrants the interposition of a
Court of Equity to decree a dissolution of the partnership.
*Lindley on Partnership,* 7th Ed., 615, 616.                     ＼

The partnership which was formed, being a partnership
at will, was one terminable at any time by notice given by

either party, and in *Whitman* v. *Robinson,* 21 Md. 30, it was treated as accepted law, that the filing of a bill of complaint for dissolution constituted all the notice that was necessary, and that such a step, if it did not itself operate as a dissolution of the partnership, must be followed as a matter of course by a decree of dissolution.

Moreover as three years have elapsed since the partnership was formed it can not now be successfully contended that sufficient time has not passed to enable the purposes of the partnership to be worked out.

One aspect of the case which was considerably dwelt upon in the argument was, whether the real estate, which constitutes the assets of the partnership, was to be dealt with and treated as realty or personalty, and to facilitate action in the Circuit Court it seems proper to add a few words upon this point. It may or not be necessary upon the dissolution of the partnership that a receiver should be appointed. The partnership being dissolved, it is possible at least that the partners may agree upon some method of disposing of the partnership assets which will not entail the burden of expense inevitably to be incurred if the business is to be wound up by a sale made by a receiver, and all of which expense must necessarily fall upon the partners; but if within a reasonable time after the decree of dissolution such agreement can not be had, then it will become the duty of the Circuit Court to appoint a receiver for that purpose. So far as the transfer to vendees of the property constituting the partnership assets is concerned, or any part of it, the deeds must be executed in conformity with the statute regulating the conveyance of real estate; but so far as creditors of the firm are concerned, or the adjustment of accounts between the partners themselves, where real estate is purchased with partnership funds for partnership uses, equity treats it as personalty, but the extent to which it is regarded and treated as personal estate is different in this country from what it was in England. In England there is held to be a complete

conversion of such real estate into personal estate for all purposes whatsoever, and it passes to the personal representatives of the partners, and not to their heirs; but in this country by the over-whelming weight of authority when the objects of the conversion have been accomplished a reconversion takes place. When the property has fulfilled all its functions as personal property in respect to the partnership, the partners and the creditors, and is no longer wanted for those purposes, it becomes in the hands of those who hold the legal title, real estate and subject to all incidents as such. See extended note to *McCormick's Appeal,* 98 Am. Dec. 200. Or as it was tersely expressed in the case entitled *In re Codding. & Russell,* 9 Fed. Rep. 849, "the conversion of real estate into personalty is allowed for the purpose of securing in the interest of the partners themselves the payment of the firm's debts and advances made by the partners respectively." The same rule will be found laid down as the result of a number of adjudications in a lengthy note in *Robinson Bank* v. *Miller,* 27 L. R. A. 475, to the effect, that "when a partnership is entered into for the purpose of buying and selling lands, in equity the lands acquired for the purpose of being so dealt with are, by the doctrine of conversion, considered as personalty, just as much as goods forming the stock in trade of a mercantile partnership are, and being so considered will, in equity, be dealt with by one partner just as freely as one partner in a commercial partnership can deal with goods forming the stock of the firm for partnership purposes." See also, 30 *Cyc.* 434.

The decree below will accordingly be reversed, and the case remanded for further action by the Circuit for Wicomico County in accordance with this opinion.

> *Decree reversed and cause remanded; each*
> *party to pay his own costs.*