COHEN *v.* ORLOVE ET AL.

[No. 122, October Term, 1947.]

238

*Decided March 19, 1948.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Wilfred T. McQuaid,* with whom was *Samuel S. Levin*
on the brief, for the appellant.

Submitted on brief by *D. Heyward Hamilton, Jr., John
S. Stanley* and *Hershey, Donaldson, Williams & Stanley*
for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Max A. Cohen, appellant, from a
decree of Circuit Court No. 2 of Baltimore City direct-
ing him as landlord to sign an assent to the renewal of
an alcoholic beverage license applied for by the appellees,
tenants, for the businesses known as the "Oasis Cabaret"
and "Harry's Bar" in Baltimore City.

The pleadings in the case and the testimony show that
in December, 1944, the appellant sold to the appellees
for $60,000.00 the cabaret and tavern business which
he had theretofore conducted. On January 1, 1945, he
leased the premises where these businesses were con-
ducted to the appellees, Julius A. Orlove, Samuel A.
Miller, and Henry J. Miller, Co-partners trading as
"Harry's Bar" and "Oasis Cabaret", for the period of
five years at a rental of $5,000.00 a year, with the option
to renew the lease for the period of ten additional years
at the same rental. The appellant, having returned
from Florida, asked to come in the businesses as a one-
fifth partner. On January 29, 1945, the appellant, con-

tributing as his share of the capital the sum of $18,-500.00, was, together with Samuel A. Levin, the uncle of the appellees, taken into the partnership, the businesses then being owned by five partners.

On November 4, 1945, the appellant ceased to be a partner. On January 21, 1946, he executed a release to the other four partners for the sum of $32,000.00 in full settlement of all his right, title, and interest in the partnership and at the foot of this release executed the following: "I, Max A. Cohen, agree to sign application for Renewal of Liquor License during Term of Lease." The appellant claims that he was told that Samuel A. Levin was getting out of the partnership at the same time.

On March 26, 1946, appellees filed an application for the renewal of their liquor license and the license was issued to expire April 30, 1947. On January 15, 1947, the counsel for the appellees forwarded to the appellant an application for a liquor license to include the name of Samuel A. Levin. The request was made that the appellant as landlord of the premises sign an assent to the issuance of the license. Appellant refused to sign this assent on the ground that he had not leased the premises to Samuel A. Levin and had never agreed to assent to the issuance of a license in his name. Counsel for appellees advised counsel for appellant on March 3, 1947, that Levin was no longer a member of the partnership, having withdrawn therefrom on February 28, 1947. The request was then made that appellant sign the assent to an application for the renewal of the liquor license in the name of the appellees here. Appellant refused to sign the assent. From that part of the decree of April 29, 1947, directing the appellant to sign on behalf of the appellees, "An Application for Renewal of Alcoholic Beverage License, Class D., Beer, Wine and Liquor and for a Special Amusement Permit for the premises now conducted as 'Oasis Cabaret' and 'Harry's Bar' ", appellant appeals here. Appellant claims that Samuel A. Levin is still a partner or is otherwise pe-

cuniarily interested in the liquor license for the premises applied for, and therefore that he should not sign an assent to the liquor license when there was a person interested in the businesses not mentioned in the application.

Article 2B, Alcoholic Beverage, Code 1943 Supplement, Section 13, sub-section (13), provides that every application for a license shall contain: * * * a statement that no person except the applicant is in any way pecuniarily interested in said license or in the business to be conducted thereunder during the continuance of the license applied for * * * ." Sub-section (15) provides that the application shall contain: "A statement duly executed and acknowledged by the owner of the premises in which the business is to be conducted assenting to the granting of the license applied for, and authorizing the Comptroller, his duly authorized deputies, inspectors and clerks, the Board of License Commissioners of the County or City in which the place of business is located, its duly authorized agents and employees and any peace officer of such City or County, to inspect and search, without warrant the premises upon which the business is to be conducted, and any and all parts of the building in which said business is to be conducted, at any and all hours." See *Saul v. McIntyre,* 190 Md. 31, 57 A. 2d 272.

Appellant bases his contention that Levin is still a partner and pecuniarily interested in the business on the evidence that prior to March 1, 1947, when Levin was a partner he drew a salary of $100.00 a week. After March 1, 1947, when it was alleged that Levin withdrew from the partnership, he began to draw $200.00 weekly. Appellant claims that this was done to enable Levin to reach the same level of earnings with the partners. Appellant further contends that because Levin apparently did the same work on the premises and worked the same hours as he did before the partnership was dissolved, this is evidence that he is still a partner.

On the other hand the appellees and Levin testified that Levin ceased to be a partner the latter part of February, 1947, and he was paid for his interest, outside of the businesses, by notes from the appellees. Mr. Louis J. Berman, a certified public accountant, testified that he had been employed by the appellees since the latter part of December, 1944. That representatives from his firm have kept the books of the "Oasis Cabaret" and "Harry's Bar" since that time. Since his employment the books have been kept under his supervision. He says that the entries in the books indicate that on January 4, 1945, the partnership consisted of the three appellees here. The entry in the books as of January 29, 1945, shows the formation of a new partnership consisting of the appellees, together with Samuel A. Levin and the appellant, Max A. Cohen. The books further show that Mr. Cohen ceased to be a member of the partnership on November 4, 1945. He further stated that the books show that Samuel A. Levin retired from the partnership on February 28, 1947, and upon his withdrawal new books were opened showing the new partnership to consist of the three appellees, starting March 1, 1947. He stated that beginning March 7, 1947, Levin received a salary of $200.00 per week, less social security tax and withholding tax, making his net pay $167.10 per week. He stated that up until February 28, 1947, the appellees, together with Samuel A. Levin, received a weekly salary of $100.00. He further testified that the books, after February 28, 1947, show no record of any interest of Levin in the capital account or the drawing account, but show him as an employee and he was paid accordingly. It is admitted by the appellant that a partnership or a pecuniary interest in the business is not so broad as to include employees or creditors.

Between the parties, partnership is a matter of intention·proved by their expressed agreement or inferred from their acts and conduct. *Morgart v. Smouse,* 103 Md. 463, 468, 63 A. 1070, 115 Am. St. Rep. 367, 7 Ann. Cas. 1140. The real test as to whether or not a partner-

ship exists is the intention of the parties to create a partnership. *Collier v. Collier,* 182 Md. 82, 88, 32 A. 2d 469. A partnership may, of course, be dissolved by the express will of any partner. Code 1939, Article 73A, Section 31 (b) ; *Fooks v. Williams,* 120 Md. 436, 441 and 442, 87 A. 692. We have direct testimony from Levin, the three appellees, and the certified public accountant that the former partnership with Levin was terminated. In determining whether a partnership exists the receipt by a person of a share of the profits of a business is *prima facie* evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment as a debt, as wages of an employee, or as interest on a loan. Code 1939, Article 73A, Section 7(4) (a) (b) (d).

The testimony here, in an equity case, was taken in open court before the chancellor. He had the opportunity to observe the appearance and demeanor of the witnesses and the atmosphere of the case, which this Court does not have on appeal. Unless we are convinced that the findings of the chancellor are clearly not warranted by the evidence, those findings will be affirmed. *Moran v. O'Brien,* 156 Md. 221, 222, 144 A. 257; *Schwaber v. Hargest,* 184 Md. 198, 205, 40 A. 2d 336.

In the opinion of this Court, based on the law and evidence, the finding of the chancellor that Samuel A. Levin was not a partner and not pecuniarily interested in the businesses on the date in question, was clearly correct. The decree will therefore be affirmed.

*Decree affirmed, with costs.*