**B. L. SCHRADER, INC., a corporation of the State of Washington**

v.

**The ANDERSON LUMBER COMPANY, Incorporated, a corporation of the State of Maryland, Defendant and Third-Party Plaintiff,**

v.

**Thomas A. CHARSHEE, t/a Arthur V. Charshee and Son, Third-Party Defendant.**

**The ANDERSON LUMBER COMPANY, Incorporated, Counter-Plaintiff,**

v.

**B. L. SCHRADER, INC., Counter-Defendant.**

Civ. No. 16014.

United States District Court
D. Maryland.

Aug. 30, 1966.

Charles Yumkas and Jacob Blum, Baltimore, Md., for plaintiff, third-party defendant and counter-defendant.

George J. Goldsborough, Jr., Easton, Md., for defendant, third-party plaintiff and counter-plaintiff.

THOMSEN, Chief Judge.

At a pretrial conference in this case, which was held before the amendments to the Civil Rules which became effective on July 1, 1966, defendant (Anderson) contended that third-party defendant (Charshee) was a partner of plaintiff (Schrader) or a joint venturer with plaintiff, and, in either event, should be treated as an indispensable party plaintiff and realigned as such. Since both Anderson and Charshee are citizens of Maryland, this would destroy the diversity jurisdiction, which would otherwise exist because Schrader is a citizen of the State of Washington. The parties wished to have the question of jurisdiction tried first as a separate issue, to avoid the expense of bringing experts to a trial which might result in a dismissal of the case for lack of jurisdiction. The matter has been submitted on affidavits, depositions and exhibits filed by the respective parties, and has been fully briefed.

The complaint alleges that plaintiff Schrader, of Oroville, Washington, is engaged in the business of selling lumber at the wholesale level; that in 1964 defendant Anderson placed through Charshee several orders to purchase large quantities of lumber from plaintiff, which were accepted and confirmed by plaintiff mailing to defendant documents entitled "Acknowledgment of Order"; that plaintiff shipped part of the lumber to defendant by vessel c. i. f. Baltimore, but while the shipment was in transit defendant notified plaintiff through Charshee that it would refuse to accept the shipment upon its arrival; nevertheless defendant did accept and pay for a part of the lumber shipped, but continued to refuse to pay for the balance, which was resold by plaintiff at a loss. Plaintiff seeks to recover that loss and additional expenses and commissions.

The answer asserts as a defense that the action "has not been brought in the name of the real party in interest", without further specification, but goes on to admit that defendant placed through Charshee the orders to purchase the lumber from plaintiff, but denied that "said orders were accepted and confirmed by the plaintiff on the same terms offered by the defendant and there was, therefore, a failure of acceptance."

Along with its answer Anderson filed a counterclaim against Schrader in three counts, said to arise "out of the transaction or occurrence that is the subject matter of the Complaint filed herein, the adjudication of which does not require the presence of third parties over whom the Court herein cannot acquire jurisdiction." Each count contains the allegation that Anderson placed through Charshee orders to purchase lumber from Schrader, and refers to Charshee as Schrader's agent. The several counts of the counterclaim allege various breaches of contract by Schrader, for which Anderson demands damages from Schrader alone.

On the same day Anderson filed a third-party complaint against Charshee in two counts, each of which alleges that Charshee was and is doing business as a commission merchant or broker in the wholesale lumber trade, and that Anderson placed through Charshee the orders to purchase lumber from Schrader. The first count asserts that if Anderson is compelled to pay damages to Schrader on the claim asserted in the complaint, it has a right of indemnity against Char-

shee because Charshee inspected the lumber and advised Anderson that it did not meet the specifications, was not merchantable, and was not fit for the use intended by Anderson. The second count of the third-party complaint alleges that Charshee, acting as Schrader's commission agent, made certain warranties to Anderson "for himself and for his principal," by reason of which Anderson demands judgment from Charshee for any amount that may be adjudged against Anderson in favor of Schrader.

Despite the pleadings, Anderson argues that Schrader and Charshee were partners or joint venturers who should be treated as partners; that Charshee should therefore be realigned as a party plaintiff; and that this would destroy the diversity jurisdiction in this case.

 If a plaintiff is a partnership, there is no diversity unless the citizenship of each partner is different from that of the defendant. Eastern Metals Corp. v. Martin, S.D.N.Y., 191 F.Supp. 245. See also Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900); Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115 (1932), affirmed 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933); Hobdey v. Wilkinson, 201 Md. 517, 526, 94 A.2d 625 (1953). And, for diversity purposes, a joint venture should be treated as a partnership. Archer-Daniels-Midland Co. v. Paull, W.D.Ark., 188 F. Supp. 277 (1960), reversed on other grounds, 8 Cir., 293 F.2d 389 (1961). This is in accord with the general law of joint ventures. Hobdey v. Wilkinson, supra; Taylor v. Brindley, 10 Cir., 164 F.2d 235 (1947). It is also true that in a proper case a federal court should not hesitate to realign the parties. State Farm Mut. Automobile Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188 (1940).

 The evidence which has been submitted to the Court shows that Charshee acts sometimes as a wholesale lumber merchant, buying and selling for his own account, and sometimes as a commission broker, selling lumber for various mills or shippers, which invoice the customer direct. The evidence with respect to the transactions in issue is contradictory, and conflicting inferences can be drawn from the several documents, especially if they are considered out of context. The Court finds that when Anderson placed the first two orders with Charshee, Anderson did not know the name of the shipper with whom Charshee intended to place the order, but that Anderson's orders were accepted by Schrader, and the contracts of sale were contracts between Anderson and Schrader. When the last two orders were placed, Anderson did know from the start that they would be forwarded for acceptance to Schrader. The agreement between Schrader and Charshee was that Schrader was to receive as his compensation for finding the customer and other services 50% of the net profit. He would also bear 50% of any net loss sustained because of the fact that the lumber in this case had to be resold. Although sharing of profits is prima facie evidence of partnership under the Uniform Partnership Act, Art. 73A, sec. 7(4), Anno. Code of Md., 1957 ed., it is not conclusive. Other factors must be considered. Vlamis v. De Weese, 216 Md. 384, 140 A.2d 665 (1958); Warren v. Dorsey Enterprises, Inc., 234 Md. 574, 200 A.2d 76 (1964); Thillman v. Benton, 82 Md. 64, 33 A. 485 (1895); Cohen v. Orlove, 190 Md. 237, 57 A.2d 810 (1948). The Washington law is in accord. Griffiths v. Von Herberg, 99 Wash. 235, 169 P. 587 (1917).

 It seems clear that Schrader and Charshee did not intend to be partners, and they did not hold themselves out as partners to Anderson. All factors considered, the Court finds that there was no partnership between Schrader and Charshee, nor any such joint venture as would bring the partnership rule into play. The Court finds that the relationship between Schrader and Charshee was that alleged by all three parties in the pleadings, namely, that Charshee was acting as an agent of Schrader, and that

the contracts of sale were between Schrader and Anderson.

This brings us to the question whether an agent such as Charshee was an indispensable party under Rule 19 as it read before July 1, 1966, or a person who must be joined under Rule 19 as it now reads. The Court has found that Charshee was an agent of Schrader, entitled to a share of the profit as his commission. Such an agent is not a "real party in interest" within the meaning of Rule 17. Photometric Products Corporation v. Radtke, S.D.N.Y., 17 F.R.D. 103 (1954); Lewis v. Canadian Pac. R. Co., 7 Cir., 39 F.2d 834 (1930), cert. den. 282 U.S. 869, 51 S.Ct. 76, 75 L.Ed. 768 (1930). Cf. Costanzo Coal Min. Co. v. Weirton Steel Co., 4 Cir., 150 F.2d 929 (1945), cert. den. 326 U.S. 765, 66 S.Ct. 147, 90 L.Ed. 460 (1945).

Nor is such an agent an "indispensable party" under old Rule 19, nor a person who must be joined as a party plaintiff under new Rule 19, the material portions of which read as follows:

"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

"(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

The amendment to Rule 19 was not intended to destroy the jurisdiction of the Court in such a case as this. Not only is there no principle requiring that Charshee be made a party plaintiff, there is no danger that a second suit may be brought against Anderson by Charshee, who does not claim that he was the seller, a partner of the seller, or such an agent as should be considered the real party in interest. Cf. Costanzo Coal Min. Co. v. Weirton Steel Co. above. Moreover, Anderson has protected itself from the danger of such a subsequent action by Charshee by making Charshee a third-party defendant herein. The Advisory Committee's note to rule 19, as amended, states: "Sometimes the party is himself able to take measures to avoid prejudice. Thus a defendant faced with a prospect of a second suit by an absentee may be in a position to bring the latter into the action by defensive interpleader." Granted that the Court may realign the parties and may in a proper case dismiss the action, that should not be done here. Both the pleadings and the evidence show

that complete relief can be accorded between Schrader and Anderson on the claims asserted in the complaint and the counterclaim; the third-party complaint is based upon a separate claim against Charshee; and bringing him into the case as a third-party defendant gives him an opportunity to protect his interest.

The Court concludes that the parties should not be realigned, and that the action should not be dismissed for lack of jurisdiction.