THIS writ of error, is prosecuted to reverse a judgment recovered by Broadwell, in an action of assumpsit, brought by. him in the circuit court against Snodgrass. >
sumpsit, by a merchant for &°merohan-S dizes sold anddeliverdrawnb^the defendant on the plaintiff, in favor of son^may be given in evidence, aitho’ allusion in° duch orders to their being paid in money”6»»!! the jury may, from stSe^ancT circumtances of,the VJnder a count in in. debitatds as case, presumé that they were pai ins°° s
*354 The declaration contains but one count, and that is an indebitatus count, for goods, wares and merchant dizCf so)(i and delivered.
The trial was had on the general issue, and the questions presented for the determination of this court, grow out of bills of exceptions, taken to the opinion of the circuit court, in the progress of the trial.
It appears that after the plaintiff in the circuit court had introduced on the trial, his account of itenis, (several of which were for the payment of orders to divers persons,') and after he had established the same by .proof, the defendant in that court, moved the court to instruct the jury, that upon the single count of indebitutus assumpsit, the plaintiff could not recover the sums changed to have been paid to orders. But the court overruled the motion, and instructed the jury, that if they should find from the evidence, the orders were discharged in goods, wares and merchandize, the plaintiff had a right to recover for thém in this action 5 otherwise he had not.
2. In argument it was conceded that the plairitiff might recover for the payment of the orders alluded to in the present action, if those orders contained a ref-quest for the plaintiff to pay merchandize, &c. for the defendant, andthemerchandize &c. were in fact so paid. ^ W£ts contended, that there can be no recovery under the general indebitatus count for goods, &c. sold and delivered, if the orders barely requested of the Pontiff to pay money, though they may have been discharged by the plaintiff in merchandize &c. And it was insisted, that by instructing the jury, that if they should find from the evidence, that the orders were discharged in goods, &c. the plaintiff had a right to recover, the court should be understood to have decided, that notwithstanding the orders were for money, the P^tbitifT might recover, if he had discharged them in goods, &C.
Whatever may be the import of the orders, whether they contain a request to the plaintiff to pay either money or goods, we apprehend the decision of the court was correct. The objection taken in argument to the decision of the court, might in ancient times, and before the general counts in ássumpsit, were recogniz. °d and approved in practice, have presented insuperable difficulties. For as great accuracy was then re *355 quired, in setting out the circumstances of the plaintiff's demand, it might well be questioned whether the declaration of the plaintiff would be considered as containing the requisite precision to authorise a re. covery for those orders. Butin modern times the same certainty is not required insetting out the plain, tiff's demand. The declaration may now be general, for goods, &c. sold and delivered, without specifying the particular description of goods. And it is said, that in a general count, the only reason why the plaintiff is bound to show wherein the defendants indebted, is, that it may appear to the court, that it is nót a debt on record or specialty, but only a simple contract. 2 Saund. 351, N. 2.
jt ignot necessaryto support such *he goods * &c. jshould have been certain wine ' v"
where the defendant evidence con|ucing to prove that the plaintiff was in partnership with another, not named in the writ, the plaintiff may ask his clerks if they have any knowledge of such partnership. .But should ¡he ask them * whether, from the manner in which his . books were kept and his conversations with the supposed partner,’ they had any knowledge of the existence of such partnership, the question would be improper, and ought not to be answered
*355 3. When such great liberality is allowed in stating the plaintiff’s demand, equal liberality should be ini dulged as to the description of proof, necessary to support it; and whenever the plaintiff's right to recover grows out af an actual advance of goods, whether the advance be directly to the defendant, or to others in discharge of an order from him, we apprehend a recovery may be had under a general indebitatus count, for goods, &c. sold and delivered ; though the goods be advanced in discharge of an order for money,
4. We are also of opinion that in the further pro. gress of the cause, the court decided correctly, in re. fusing to instruct the jury, that the plaintiff could not recover under the count contained in his declaration, for any goods, which were not sold at a fixed price. It was formerly ho bleu, that there could be no recbvery, under a general indebitatus count for goods sold, unless aprice was proved ; and that where there was no price agreed upon, to be paid to the plaintiff, he was obliged to declare upon a quantum valebant. But that strictness has long sirice been relaxed, and the doctrine is now settled, that the plaintiff may upon a count for goods sold and delivered, recover what he shall prové to be due to him ; notwithstanding there was-not any price or sum of money agreed upon, 2 Saund. 122, N. 2.
5. During the progress of the trial in the circuit court, Snodgrass, the defendant there, introduced ev. idence, conducing to prove, that the plaintiff, Broad well, and a certain Wesley Broad well, were partners is trade at the time of the sale and delivery of- the *356 goods, &c. for which this action is broughtwhereupon the plaintiff asked a witness who had previously stated, that he was at the time of the trial and had been for some time past, clerk in the plaintiff’s store, whether from the manner the books of the plaintiff were kept, or from the conversation of the plaintiff and Wesley Broadwell, he had any knowlege of the existence of such a partnership. To the asking of the question, the defendant objected ; but his objections were overruled, and the question put to the witness. By propounding the question, it was no doubt designed by the plaintiff, to extract from the witness an answer calculated to repel the evidence of partnership, which had been introduced by the defendants ; and if the witness had not been required to answer from the knowledge which he had derived from the manner the plaintiff’s books were kept, cr from the conversation of the plaintiff and Wesley Broadwell^ the question would, no doubt, have been competent. But by confining the answer of thé witness, to his knowledge, derived from the manner the books of the plaintiff were kept, or from conversations of Ihe plaintiff and Wesley Broadwell, the question was calculated to draw from the witness, evidence of the plaintiff’s own making ; and as such, according to the settled rules of evidence, was clearly inadmissible.
There can be 3io recovery in an action of assumpsit where,on the general issue 5t is 'proved, that there were paitners who have not j oined in the action, it is immate rial whether this proof comes out on the part of plaintiff or is introduced ]?y *he de^leSsUm 6 same
*356 It was contended in argument, that whether or not the plaintiff and Wesley Broadwell were in fact partners, was a matter totally immaterial, and irrelevant to the issue which the jury were trying $ and as the plaintiff was induced to propound the question to the Witness; in consequence of evidence having been introduced by the defendant, conducing to prove the impertinent and irrelevant partnership, it was insisted, that the judgment ought not to be reversed, even if the question put to the witness, would otherwise have been improper.
6. We do not, however, admit that the fact of partnership was irrelevant to the issue to he tried by the jury, it was the general issue which the jury were trying ; and the dpctiine is well settled, that on the general issue, there cart be no.recovery in an action of assumpsit by one partner, where others are proved to be co partners with him, in the cause of action. And it is perfectly immaterial, whether the fact of there be *357 ing other partners, not joined in the action, comes out by the evidence of the plaintiff or defendant, In each case, when the fact is established, the law is the same; and in neither case, can there be a recovery by one only of several partners.
The judgment must, therefore, be re versed with costs, the cause' remanded to the court below, and further proceedings there had not inconsistent with this opinion,