## ST. LOUIS SMELTING & REFINING CO. v. NIX.

(Circuit Court of Appeals, Eighth Circuit. April 23, 1921.)

No. 5585.

1. **Appeal and error** ⊂⇒1106—**Courts** ⊂⇒280—**Doubt as to jurisdiction should be settled by inquiry before further action in case.**

   In an action removed to the United States District Court by defendant, where, after the trial, but before final argument and decision, defendant filed a verified motion to remand the cause to the state court, alleging that it had just ascertained plaintiff was a citizen of the same state as defendant, with evidential details, to which plaintiff filed only an unverified response. there was sufficient doubt as to the District Court's jurisdiction raised to require it to hear evidence as to plaintiff's citizenship before rendering judgment for plaintiff, and on writ of error to such judgment the cause will be remanded to the District. Court to investigate the question of jurisdiction.

2. **Courts** ⊂⇒23, 37(1)—**Jurisdiction of lower federal courts cannot be conferred by consent or estoppel.**

   The jurisdiction of the inferior courts of the United States rests wholly on the acts of Congress, and cannot be conferred by consent of the parties, or by their omission to contest it or by estoppel.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action by E. D. Nix against the St. Louis Smelting & Refining Company. Judgment for the plaintiff, after defendant's motion to remand the cause to the state court, from which defendant had had it removed, and defendant brings error. Remanded to trial court, with instructions.

A. C. Wallace, of Miami, Okl. (Robert E. Moloney and Boyle & Priest, all of St. Louis, Mo., on the brief), for plaintiff in error.

Dick Rice, of Miami, Okl., and Archibald Bonds, of Muskogee, Okl., for defendant in error.

Before HOOK and STONE, Circuit Judges, and JOHNSON, District Judge.

HOOK, Circuit Judge. This was an action brought by Nix against the St. Louis Smelting & Refining Company in a state court of Oklahoma to recover earnest money paid on a contract. The contract, which was in writing, recited that Nix was of Miami, Okl., and that the company was a Missouri corporation. The defendant removed the cause to the federal court below on the ground of diversity of citizenship. After the trial, but before the final argument and decision, the defendant presented a motion to remand to the state court, for the reason that the alleged diversity of citizenship on which it had effected the removal did not in fact exist. In the motion, which was verified, it was alleged that the defendant had been misled by the recital in the contract as to plaintiff's residence; that it had recently discovered that his residence and citizenship were in St. Louis, Mo., the same as the company; and it set forth with considerable detail the facts about his

home, his registration as an elector, and his voting there at times covering the period in question. To this the plaintiff filed a response that the parties had admitted the jurisdictional facts by their pleadings, that defendant was estopped, that its motion to remand came too late, that no fraud was alleged, and generally that the motion was insufficient. When the motion came on for hearing the plaintiff was allowed to amend his response by inserting an allegation that at the time of filing his suit he was a citizen of Oklahoma, and of the Eastern district thereof, meaning the district of the federal court. The response was not verified. The trial court overruled the motion to remand, and denied defendant's request that the hearing of it be postponed, to enable it to take depositions in St. Louis on the issue raised by plaintiff's amendment. The case then went to judgment on the merits in favor of plaintiff, and this writ of error followed.

[1, 2] The jurisdiction of the court below appeared so doubtful on the verified motion and the unverified response that the court should have inquired into the matter fully. This conclusion is inevitable, under C., B. & Q. Ry. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521. The question of jurisdiction in the courts of the United States, those of first instance and those of appeal, is first and fundamental. The jurisdiction of the inferior courts of the United States rests wholly upon the acts of Congress. It cannot be conferred by consent of the parties, or by their omission to contest it, or by estoppel, and whenever it appears, as it did in this case, that jurisdiction was probably lacking, it was the duty of the court to inquire into it, regardless of the attitude of the parties.

This cause is therefore remanded to the trial court for further proceedings in consonance with this opinion. If the requisite diversity of citizenship does not appear, the judgment should be vacated, and the cause remanded to the state court. If, on the contrary, such diversity does appear, the record may be again sent to this court for review.