ELSA B. GEITNER, Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

(Argued May 31, 1929; decided June 11, 1929.)

*La Fay C. Wilkie* for appellant. The driver of the car was using it at the time of the accident in the ordinary course of the partnership. If he was not, he was certainly using it with the authority of his copartner, so that the partnership is liable for the damage, and the liability exists under the policy of insurance for the judgment

obtained by them. (*Stroher* v. *Elting*, 94 N. Y. 102; *Matter of Peck*, 206 N. Y. 55.)

*S. H. Millener* for respondent. No cause of action has accrued in favor of the plaintiff and against this defendant under section 109 of the Insurance Law. The assured named in the policy is a copartnership. No judgment has been entered against any member of the copartnership based on a partnership tort. No execution has been issued against the copartnership. (*Schoenfield* v. *N. J. Fidelity & P. G. Ins. Co.*, 203 App. Div. 796; *Hartigan* v. *Casualty Company of America*, 227 N. Y. 175; *Jacobs* v. *Maryland Casualty Co.*, 198 App. Div. 470; *Davis* v. *President, etc.*, 109 N. Y. 47; *Saunders* v. *Reilly*, 105 N. Y. 12.)

*Per Curiam.* The insurance policy sued on insures Charles Harms and Paul F. Rehberg as a copartnership.

The complaint in the action in which judgment was recovered by plaintiff against Harms and Rehberg, does not allege a cause of action against the defendants as partners. It alleges that the automobile was being operated by the defendant Harms for and on behalf of the defendant Rehberg. This allegation does not import a partnership use of the automobile by the defendant Harms at the time of the accident. The policy protects Harms and Rehberg from loss by reason of automobile accidents for which their partnership is liable and protects them to that extent individually as members of the firm but not otherwise. (*Hartigan* v. *Casualty Co. of America*, 227 N. Y. 175.) As no judgment has been obtained against the insured on a partnership liability, the plaintiff may not recover under Insurance Law (Cons. Laws, ch. 28), section 109.

We deem it unnecessary to decide whether execution may be levied on the partnership property on a judgment recovered against all the partners jointly on a non-partnership debt or liability. Section 51 (c) of the Partnership Law (Cons. Laws, ch. 39) provides merely that a partner's interest (not the interest of all the partners) in specific partnership property is not subject to attachment

or execution, except on a claim against the partnership. (Cf. *Davis* v. *Pres., etc., D. & H. Canal Co.,* 109 N. Y. 47.) The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Judgment affirmed.