FRANCIS W. RUZICKA et al., Copartners Doing Business as '' RUZICKA's '', Respondents, *v.* EDWARD RAGER, Appellant.
EDWARD RAGER, Appellant, *v.* FRANCIS W. RUZICKA et al., Respondents, et al., Defendants.

Argued January 12, 1953; decided April 9, 1953.

*Lloyd Paul Stryker, Edward Rager,* in person, and *Harold W. Wolfram* for Edward Rager, appellant. The third counterclaim has been properly interposed in this action since it raises questions between defendant and plaintiffs along with other persons. (*Caplan* v. *Caplan,* 268 N. Y. 445; *Matter of Schwartzman* [*Miller*], 288 N. Y. 568; *Williams* v. *Hartshorn,* 296 N. Y. 49; *Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 253.)

*David Haar* for Francis W. Ruzicka and another, respondents, and *Bernard H. Sandler* for David Haar, respondent. I. The complaint clearly shows that plaintiffs, as members of

a limited partnership, seek a judgment for the entity "Ruzicka's", a partnership, and not in their individual capacity. (*Yeager* v. *Transvision, Inc.,* 277 App. Div. 986; *Hartigan* v. *Casualty Co. of America,* 227 N. Y. 175; *Matter of Ardolino* v. *Ierna,* 225 App. Div. 439; *Curtis* v. *Hollingshead,* 14 N. J. L. 402; *Finston* v. *Unemployment Compensation Comm.,* 132 N. J. L. 278; *Baron* v. *Lakow,* 121 App. Div. 544; *Kirschbaum* v. *Merchants Bank of N. Y.,* 272 App. Div. 336; *Lanier* v. *Bowdoin,* 282 N. Y. 32.) II. The judgment dismissing the third counterclaim as against plaintiff partnership is correct as a matter of law. (*Matter of Peck,* 206 N. Y. 55.) III. The judgment dismissing the third counterclaim alleged against David Haar as one of defendants is correct as a matter of law. (*Kelvin Eng. Co.* v. *Knott,* 212 App. Div. 413; *Hillary Holding Corp.* v. *Brooklyn Jockey Club,* 273 App. Div. 538; *Sport-Craft* v. *Garment Center Capital,* 167 Misc. 425, 254 App. Div. 669; *Williams* v. *Edward De V. Tompkins, Inc.,* 208 App. Div. 574.)

CONWAY, J. The question presented for our determination is whether in an action to enforce a partnership claim, a counterclaim (here denominated "Third"), may be set up by which the appellant seeks to impose a "nonpartnership" liability against the partners (one of them a limited one) individually. There is a "Second" counterclaim, involving legal fees, which has been sustained as against the partnership but dismissed as against the partners as individuals. While no point was made during the argument as to that dismissal, appellant does argue in his brief that the "Second" counterclaim was directed only against the plaintiff partnership and not against the partners Ruzicka and Widney individually at all and, therefore, they as individuals had no standing in court permitting them to move for its dismissal as to them. Appellant concedes that in his prayer for relief he asked for judgment on the "Second" counterclaim against them as individuals but urges that the demand for relief formed no part of the statement of the cause of action. Since the "Second" counterclaim has been permitted to stand against the partnership — which appellant asserts was his purpose in drafting it — he is not aggrieved. (See *Matter of Croker* v. *Sturgis,* 175 N. Y. 158, 163; *Williams* v. *Montgomery,* 148 N. Y. 519, 523–524.)

The gist of the complaint is as follows: In December, 1946, "Ruzicka's" which was then composed of Ruzicka, Widney and two other partners (two general and two limited partners), retained appellant Rager as attorney for the year 1947 at the agreed fee of $9,000. In January, 1947, appellant procured a $15,000 loan for "Ruzicka's" and deducted therefrom his agreed retainer, remitting to the partnership the balance of $6,000. In July, 1947, the partnership discharged appellant for cause. The partnership now seeks to recover the sum deducted by the appellant, less $1,000 which, it is alleged, is the reasonable value of services rendered by him prior to his discharge. It appears from the complaint that "Ruzicka's" presently consists of Francis Ruzicka, a general partner, and Cecil Widney, a limited partner, that one of the former general partners has assigned to Francis Ruzicka all her interest in the partnership and in the cause of action embodied in the present complaint and that the other person, formerly a limited partner, has released the partnership of all claims including any which she might have had in the cause of action set forth in the complaint.

The "Third" counterclaim alleges, in substance, that Francis Ruzicka and Cecil Widney along with several others, including respondent Haar, engaged in a conspiracy to destroy the professional standing and law practice of the appellant, that they have contacted appellant's clients and brought pressure to bear upon them to cease his employment and that defendants on this counterclaim, who include Ruzicka and Widney, have, as part of the conspiracy, instituted baseless lawsuits, of which the present action is one, against the appellant. Damages totaling $1,000,000 are sought and in his prayer for relief appellant seeks judgment against the individual defendants to the counterclaim in varying specific amounts totaling $1,000,000. Thus, the sums sought against Ruzicka and Widney are $5,000 as to each. Judgment is sought against them as individuals and in naming them as defendants to the counterclaim appellant neither designated them as copartners nor alleged facts which would constitute a cause of action against the plaintiff partnership.

Appellant's position is that the counterclaim is proper for the reason that a distinction cannot be drawn between Ruzicka and Widney as copartners and as individuals — that a partner-

ship is not an entity apart from those who compose it and hence in an action by a partnership upon a partnership claim it is proper to set up a counterclaim against its individual members. Respondents, on the other hand, are of the view that the limited partnership is a separate entity; that in a suit by the partnership the partners as individuals are not the party plaintiff and a counterclaim seeking to enforce individual, nonpartnership liabilities is therefor improper.

Section 266 of the Civil Practice Act provides as follows: " *Counterclaim defined.* A counterclaim may be any cause of action in favor of the defendants or some of them against the plaintiffs or some of them, a person whom a plaintiff represents or a plaintiff and another person or persons alleged to be liable."

Section 271 of the Civil Practice Act, insofar as pertinent here, provides: " *New parties set up in counterclaim.* Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross action, would be defendants to such cross action. Where any such person is not a party to the action he shall be summoned to appear by being served with a copy of the answer. * * * "

It is clear from those sections that the counterclaim must assert a cause of action against the party plaintiff and that if the counterclaim be not properly interposed against the plaintiff, it is not proper as to the others — Haar, *et al* . (See 3 Carmody on New York Practice [2d ed.], § 1007, pp. 2123–2124.)

It has long been the rule in this and many other jurisdictions that a partnership is not in the eyes of the law an entity separate from its members. However, the Legislature and businessmen do so regard a partnership for various purposes. (See *Williams* v. *Hartshorn,* 296 N. Y. 49, 51; *Matter of Schwartzman [Miller],* 288 N. Y. 568; *Hartigan* v. *Casualty Co. of America,* 227 N. Y. 175, 179.)

It is to be noted that there was recently enacted section 222-a of the Civil Practice Act (L. 1945, ch. 842) which provides that " Two or more persons carrying on business as partners may sue or be sued in their partnership name whether or not such name comprises the names of the persons. * * * " Provi-

sions similar to that have been construed by some courts to be a recognition of partnerships as legal entities for procedural purposes (68 C. J. S., Partnership, § 67, p. 498).

The commentary of the Judicial Council in proposing the enactment of section 222-a lends support to the view that for purposes of *pleading,* a partnership is to be regarded as a legal entity (Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 221, 224–225):

" * * * Under existing law, a partnership may not sue or be sued in the partnership name, but may sue or be sued only in the respective names of its individual members. *The rule that a partnership may not sue or be sued in its partnership name is merely a useless relic of the strict procedural rules at common law with nothing, apparently, to justify its continued existence. The common law rule derives from the legal conception of the partnership as simply a group of individuals.* It is particularly undesirable in actions AGAINST partnerships because it places upon the plaintiff, the burden of ascertaining the individual members of a partnership and naming them as defendants.

" The authority granted by recommended section 222-a would be in accord with the provisions already in section 223 of the Civil Practice Act permitting prosecution of an action in the partnership name where the business is conducted in the name of a deceased person. The Partnership Law similarly permits a partnership to acquire and convey real property in the partnership name." (Italics supplied.)

It is true that section 222-a is permissive and not mandatory but even before its enactment it was necessary for suits on partnership claims to be brought by or on behalf of the partnership — a member of a partnership may not recover upon a partnership obligation individually.

It is to be remembered that we are here concerned with a *limited* partnership. There is good reason for regarding such a partnership as a distinct entity for the purposes of pleading. Limited partnerships were unknown to the common law and, like corporations, are " creature[s] of statute " (*Lanier* v. *Bowdoin,* 282 N. Y. 32, 38). Statutes permitting limited partnerships are intended to encourage investment in business enterprise by affording to a limited partner a position analogous

to that of a corporate shareholder. Due to the quasi-corporate aspects of a limited partnership and the quasi-shareholder status of a limited partner in that his liability is restricted to the amount of his investment and his voice in partnership affairs is negligible, it seems proper that in a suit *by a limited partnership,* the individual partners, whether general or limited, ought not to be subect to counterclaims against them upon causes of action *unrelated to partnership affairs.* The fact that a limited partner is not a proper party to actions by or against the partnership except where the action is brought to enforce a limited partner's rights against or liability to the partnership, gives added weight to that view. (Partnership Law, § 115 [Limited Partnerships].)

It would appear that the intent of the Legislature in adopting the new section 266 of the Civil Practice Act was to rid our procedure of the restrictive niceties, grounded in early common-law pleading, which needlessly caused a multiplicity of suits between the same litigants. But the fact remains, and it is clear from section 266, that the claim and counterclaim must be between the same parties. And if a partnership, for purposes of pleading, be considered a separate entity — certainly a limited partnership, as here, must be such an entity — appellant's " Third " counterclaim was properly dismissed by the Appellate Division.

There are other reasons for reaching the same conclusion. We took the view in *Binon* v. *Boel* (297 N. Y. 528) that new section 266 did not alter the rule that a claim and counterclaim must be by and against the same party in the *same capacity.* *Select Theatres Corp.* v. *Harms, Inc.* (273 App. Div. 505) is to the same effect.

The two foregoing cases are, to be sure, to some extent distinguishable — for the plaintiffs, against whom counterclaims on individual liabilities were asserted and dismissed, were shareholders who had instituted derivative actions on behalf of corporations which are, without doubt, legal entities. But all that we have said above toward establishing that the plaintiff partnership is to be regarded, for purposes of pleading, as a legal entity, goes to establish that where an action on a partnership claim is brought, as it should be, in either the firm name or

in the names of the individual members *as copartners,* the firm members sue in a capacity different from their capacity as individuals. As disclosed by the *Binon* and *Select Theatres* cases (*supra*) the test is whether claim and counterclaim are by and against the same person or persons in the *same capacity.* Moreover, the Legislature has been careful by other statutes, in addition to those commented on herein, to continue the general rule that a plaintiff who sues in one capacity shall not be subject to setoffs or counterclaims asserted against him in a different capacity. (*United States Trust Co. of N. Y.* v. *Stanton,* 139 N. Y. 531, 534, as to a trustee [Code Civ. Pro., § 502, subd. 3, now Civ. Prac. Act, § 267, subd. 3]; *York–Buffalo Motor Express* v. *National Fire & Marine Ins. Co.,* 294 N. Y. 467, 472, as to a trustee of an express trust [Civ. Prac. Act, §§ 210, 267, subd. 3]; *Central New York Coach Lines* v. *Syracuse Herald Co.,* 277 N. Y. 110, as to an executor or administrator [Civ. Prac. Act, § 269].)

To some degree the individual liability of a partner is not the ordinary individual lability of one who obligates himself as an individual. Rather, the individual liability of a partner is merely an incident of the partnership liability. Judge POUND writing for the court in *Hartigan* v. *Casualty Co. of America* (227 N. Y. 175, 178, *supra*) phrased the conception clearly and concisely as follows: " When a partnership is established, the liability of the individual partners is an incident of the partnership, merely, not a separate and independent liability." We think the *Hartigan* case and *Geitner* v. *United States Fidelity & Guar. Co.* (251 N. Y. 205) point this up very clearly.

The difference in the relationship of a partner as such and as an individual to creditors, e.g., the unavailability of partnership assets for execution on individual claims and the priorities of firm and individual creditors upon insolvency, further illustrate the general principle that a person who holds membership in a partnership acts, serves and is obligated in two distinct and differing capacities. (See Partnership Law, §§ 51, 71; Debtor and Creditor Law, § 277.)

The record does not disclose which justices of the Supreme Court sat during the argument of the appeal in the Appellate Division. The decision of the Appellate Division was by four

justices, three of whom, according to appellant's brief, sat during the argument. The order of the Appellate Division and the judgment entered thereon were valid. (See N. Y. Const., art. VI, § 2; Judiciary Law, §§ 21, 82; *Wittleder* v. *Citizens' Elec. Illuminating Co.*, 47 App. Div. 543.)

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment affirmed. [See 305 N. Y. 798.]