### Burkett v. Celina Mutual Insurance Co.

*McWilliams, Margolis & Coopersmith,* for plaintiff.
*Spence, Custer, Saylor & Wolfe,* for defendant.

McDONALD, J., April 16, 1957.—Mrs. Harry Burkett, wife of plaintiff, entered into an automobile liability insurance contract with the Celina Mutual

Insurance Company of Celina, Ohio, defendant. The policy contained an extended medical payments coverage for which an additional premium charge was made. On June 17, 1955, plaintiff, while riding in a motor vehicle owned by Burkett and Dimpfl, a partnership, of which he was one of the partners, was injured in an accident and as a result thereof incurred medical, surgical, hospital and nursing expenses in the amount of $1,032.10. Plaintiff submitted a claim for payment as an insured under the extended medical payment provision of the aforesaid policy. When payment was refused, he filed suit in assumpsit.

Defendant has filed preliminary objections in the nature of a demurrer contending that plaintiff was an owner and tenant in partnership of the vehicle in which he was riding at the time he was injured, and, therefore, comes within the "Exclusions" of said medical payments clause. After argument and consideration of the briefs, the preliminary objections are now before us for disposition.

The policy of insurance under which plaintiff claims, contains the following:

"Insuring Agreements

"1. Extended Medical Payments Coverage

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from, or through being struck by, an automobile.

"2. Definition of Insured

"With respect to this insurance the unqualified word 'insured' means the named insured and while residents of his household, his spouse and the relative of either; provided, if more that one named insured is designated

in the policy, other than husband and wife who are residents of the same household, the named insured shall be the person designated as such in the schedule. . . .

"Exclusions

"This insurance does not apply:

"(a) . . .

"(b) to bodily injury, sickness or disease, including death resulting therefrom sustained by any insured while in or upon, entering or alighting from any automobile owned by an insured;

"(c) . . ."

Plaintiff, as a spouse of the insured and resident of the household, is an "insured" under terms of the extended medical payments coverage. Therefore, having filed suit within one year from the date of his injuries, he could recover the expenses itemized in his complaint if he does not come within subparagraph (b) of the "Exclusions."

The issue raised by defendant's demurrer is whether the phrase "owned by", as used in paragraph (b) of the "Exclusions", is descriptive of a partner's interest in a vehicle owned by and registered in the partnership name. If it is, plaintiff may not recover.

We find no case in Pennsylvania deciding this precise isue. However, decisions in other jurisdictions indicate that ownership of vehicles should be construed, in the absence of language in insurance policies prescribing a different meaning, under statutes relating to automobile titles: Garlick v. McFarland, 159 Ohio 539, 113 N. E. 2d 92; Kilduff v. Boston Elevated Ry. Co., 247 Mass. 453, 142 N. E. 98.

The Vehicle Code in Pennsylvania defines an " 'Owner' " as "A person or persons holding the legal title of a vehcle; . . .". A " 'Person' " is defined as "Every natural person, firm, co-partnership, associa-

tion or corporation": Act of May 1, 1929, P. L. 905, art. 1, sec. 102, 75 PS §2, as amended. Section 201, 75 PS §31, provides that no person shall own a vehicle unless a certificate of title is obtained. It is agreed a certificate of title is not conclusive evidence of ownership, but to the layman it is strong evidence thereof. For purposes of The Vehicle Code, the partnership in which name a vehicle is registered is considered the owner.

In ordinary business usage, a partnership is regarded as an entity separate and apart from its members. While under a strict application of partnership law in this State it is not a "juristic entity", the courts have held that as a matter of fact it is treated by legal fiction as a quasi person or entity: Morrison's Estate, 343 Pa. 157; McElhinney v. Belsky, 165 Pa. Superior Ct. 546. In at least one instance, a partnership has been considered as a distinct entity: New Bethlehem Trust Co. v. Spindler, 315 Pa. 250.

Terms in an insurance policy should be given their usual and ordinary meaning. Therefore, whether a partnership is considered an entity, holding title to its property as such, becomes important in resolving the mean of the term "owned by" as used in the policy. One not learned in the law, such as plaintiff here, certainly would not distinguish, in interpreting the terms of an insurance policy, between a "juristic entity" and one which arises by "legal fiction." We venture to say that any partner, upon inquiry as to the ownership of firm property (including vehicles), would without hesitation say it was owned by the firm and not the individual partners.

That a partner would find support in this position is evident in the Uniform Partnership Act, enacted in Pennsylvania by Act of March 26, 1915, P. L. 18 part II, sec. 8, 59 PS §13, which provides as follows:

"(1) All property originally brought into the partnership stock or subsequently acquired, by purchase or otherwise, on account of the partnership, *is partnership property.*

"(2) Unless the contrary intention appears, property acquired with partnership funds is partnership property."

The distinction between co-ownership as tenants in common, joint tenants or tenants by the entireties, and co-ownership of partnership property as tenants in partnership, has been recognized in the interpretation of insurance policies involving partnership vehicles. Insurance companies, in seeking to avoid liability under partnership policies on vehicles, have argued successfully that they cover vehicles "owned" by the firm as if said firm were an entity. American Mutual Liability Insurance Co. of Boston v. Meyer, 115 F. 2d 807 (Pennsylvania); Geitner v. U. S. Fidelity & Guaranty Co., 251 N. Y. 205, 167 N. E. 222. If such position is correct, and we believe it is, to permit defendant now to claim the vehicle registered in the name of a partnership is owned by the individual members of the firm would produce uncertainty in the interpretation of partnership automobile insurance contracts.

Defendant argues that a partner is "co-owner" of all specific partnership property holding as a tenant in partnership. Partnership Act, sec. 25, 59 PS §72. In its brief it cites from Burns v. Winchell, 305 Mass. 276, 25 N. E. 2d 752, which holds that the word "owner" includes not only "sole" ownership of a vehicle but also "part" ownership. This position is further buttressed by the definition of the words "own", "owner", and "ownership" as found in the dictionary. We certainly do not intend, in the face of such formidable authority, to otherwise define these words. However, co-ownership as used in the partnership act does not

bear the same legal incidents of "co-ownership" as defined in the dictionary or by application to situations not involving the partnership relation. We believe defendant in writing its policy, intended the phrase "owned by" to be interpreted in the light of the dictionary definition and the usual legal meaning of cotenancy. Hence, it does not include the property of a tenant in partnership in firm personalty.

Co-ownership of personal property in a partnership is specifically subject to limitations on use, possession, sale and assignment of that property: Partnership Act, sec. 25, paragraphs (a) (b) (c) (d) and (e). For instance, a tenant in partnership may not, for his own purposes, freely use and possess property of the firm in the absence of agreement by the other partners, nor is his interest in such property subject to attachment and execution for his separate debts. However, a co-owner of personal property, where no partnership relation exists, may freely use, possess, sell and assign the property and his interest is subject to attachment and execution by his creditors. Thus, a tenant in partnership does not have the most important incidents of "ownership" as defined in the ordinary and legal usage of that term.

While section 25 of the act states, "A partner is co-owner with his partners of specific partnership property, holding as a tenant in partnership", the early law in Pennsylvania, not abrogated by the Uniform Partnership Act, holds that personal property of a partnership belongs to the firm and not to the partners: Doner v. Stauffer, 1 P. & W. 198. A partner has no definable individual property in a specific asset of a going firm, since it would be most difficult, if not impossible, short of a dissolution, to determine his beneficial interest in a specific asset. Actually, his interest in the partnership is not a co-ownership of the particular assets of the firm, as understood in the law,

but rather a share in the surplus after the debts and accounts are settled.

Defendant in its brief relies on Wyatt v. Cimarron Insurance Company, 235 F. 2d 243, as expressing a rule applicable to the facts of this case. The issue in that case involves an interpretation of the " 'use of other automobiles' " clause in a partnership's automobile insurance policy and the effect of an exclusion thereunder, when the damages result while using another automobile " 'owned by' " or " 'furnished for the regular use of the named insured' ". The liability occurred as the result of an accident involving a partnership vehicle almost exclusively used by the partner-defendant. Plaintiff insurance company asked for a declaratory judgment on its liability under a policy issued to the defendant on his own automobile, specifically, whether the exclusion applied. While the court did say, "each partner had an ownership interest in (the automobile owned by the partnership), and in the absence of an agreement to the contrary, had an equal right to control and possess it" it decided plaintiff was not liable because the partnership automobile involved in the accident "was furnished for the regular use of Wyatt (defendant)". Therefore, this case does not decide whether a partner is co-owner of the firm vehicle within contemplation of the phrase "owned by" in the exclusions under "the use of other automobile" clause. Aler v. Travelers Indemnity Co., 92 F. Supp. 620, also cited by defendant in its brief, involves a question of liability under "the use of other automobile" clause. However, it has no application to the issue in the case at bar because the automobile in question was not owned by a partnership, but by the mother-in-law of defendant.

For purposes of coverage under the "use of other automobile" clause in most standard policies, a vehicle registered in the name of a partnership is not con-

sidered as owned by the partners. Garlick v. McFarland, supra; Kilduff v. Boston Elevated Ry. Co., supra; Saint Paul-Mercury Indemnity Co. v. Heflin, 137 F. Supp. 520; Farley v. American Automobile Insurance Company, 137 W. Va. 455, 72 S. E. 2d 520. Counsel for the parties and research on our part, has failed to disclose any cases involving the interpretation of the phrase "owned by" as used in subparagraph (b), "Exclusions", of the extended medical payments clause in this or other policies. It seems, however, the interpretation of this phrase in the "use of other automobile" clause in the above cases is pertinent and does support the position of plaintiff.

As a general rule, unambiguous terms in an insurance policy must be given their usual legal meaning. Undoubtedly the phrase "owned by" has a well defined legal meaning when applied to sole ownership of personalty, or co-ownership in the relation of joint tenants, tenants in common or tenants by the entireties. Therefore, it cannot be said the phrase is ambiguous when applied to the usual co-tenancy of personalty. However, as indicated by the foregoing discussion, a partner's interest in specific partnership personalty does not carry with it the same legal incidents of title as those mentioned. Thus, the general rules of ownership as they relate to other types of co-tenancy may not arbitrarily be applied to a tenancy in partnership. In this case, the interpretation of the phrase "owned by" as applied to the property of a tenant in partnership is not clear and does admit of ambiguity and uncertainty. Thus, under the general rules relating to the interpretation of insurance contracts, where there is some ambiguity and uncertainty it must be resolved in favor of the insured.

In our opinion, the phrase "owned by", as applied to the facts of this case, does not contemplate the property of a tenant in partnership in a vehicle owned

768

by the firm, registered in the firm name and used for partnership purposes. In passing we might add that if defendant had intended to cover the type of ownership here in question, it should have added to subparagraph (b) of the "Exclusions" the phrase "owned in whole or in part by the insured as an individual, or as a partner, or furnished for the legal use of the named insured." This would obviate any question of interpretation.

In accordance with the above, we make the following order:

Now, April 16, 1957, defendant's preliminary objection in the nature of a demurrer is dismissed and defendant is directed to file an answer to the complaint within 20 days from the date hereof.