**EASTERN METALS CORPORATION,**
Plaintiff,

v.

**Bernard MARTIN and Alvin E. Shulman,**
individually and as co-partners doing
business under the firm name and style
of Martin Enterprises, Defendants.

United States District Court
S. D. New York.

Nov. 14, 1960.

George Berkowitz, New York City, for plaintiff, Eastern Metals Corp.

Nathaniel Rothstein, New York City, for defendants.

Alfred S. Julien, New York City, for plaintiff, United Steel Sales, Inc., in Civ. 124–189, and amicus curiae on the motion

in this case (David Easton, New York City, of counsel).

LEIBELL, District Judge.

Two questions are presented to the Court on this motion:

(1) Whether this Court has jurisdiction under the Diversity statute, T. 28 U.S.C. § 1332, to decide an action removed here from the New York State Supreme Court, where the defendants are a partnership and its two partners, and one of the partners is a citizen of the State of New Jersey of which the plaintiff corporation is also a citizen; and

(2) Whether the New Jersey partner is an indispensable party under Rule 19(a) Federal Rules of Civil Procedure, 28 U.S.C.A., and may not be dropped as a defendant under Rule 21 Federal Rules of Civil Procedure in order to create complete diversity of citizenship between the plaintiff and the two remaining defendants, the partnership and the other partner.

The action (Civil 125–45) of Eastern Metals Corporation v. Martin and Shulman individually and as copartners doing business under the firm name and style of Martin Enterprises, was instituted in the Supreme Court of the State of New York, County of New York, and a copy of the summons and complaint was served upon Martin September 12, 1957. It does not appear that Shulman was ever served. But after the removal of the action to this Court Mr. Rothstein, an attorney, filed an answer for all the defendants, containing denials and counterclaims. Mr. Berkowitz was and is the attorney for the plaintiff, Eastern Metals Corporation.

In the Eastern Metals Corporation action defendant Martin filed a verified petition in this Court on September 24, 1957, for the removal of the action from the New York Supreme Court to this Court. The petition alleged that Martin, one of the parties, was a citizen of New York, that the partnership, Martin Enterprises, had its office in New York City, and that Eastern was a New Jersey corporation. The petition said nothing about the citizenship of the other partner, Shulman. On September 24, 1957, plaintiff Eastern by its attorney, Mr. Berkowitz, waived the bond requirement for a removal, by an endorsement to that effect on the petition but added that the waiver was not to be considered a consent to the removal. However, he never made any motion to remand the Eastern action to the State court.

Another action (Civil 124–189), that of United Steel Sales, Inc. v. Martin and Shulman, individually and as copartners doing business as Martin Enterprises, was commenced by the plaintiff United, a Michigan corporation, September 9, 1957, by filing a complaint with the Clerk of this Court. The law firm of Goldman & Frier then represented United. Defendants Martin and Shulman were served with a copy of the summons and complaint in that action on September 11, 1957.

On October 4, 1957, defendants Shulman and Martin and the partnership Martin Enterprises moved for an order consolidating for trial the two actions, United v. Martin et al. (Civil 124–189) and Eastern v. Martin et al. (Civil 125–45). This motion was withdrawn and was endorsed to that effect by Chief Judge Ryan on October 15, 1957. On October 21, 1957, defendants filed their answers in both actions through their attorney, Mr. Rothstein. The answers in both actions plead counterclaims.

On October 29, 1957, Mr. Rothstein, as attorney for the defendants in each of the actions, again moved for an order consolidating the two actions for trial, or in the alternative granting a joint trial of the actions. Plaintiffs United and Eastern opposed the motion for a consolidation, but the alternative relief requested was consented to. By an order dated November 13, 1957, it was ordered that a "joint trial" be held of the two actions.

On March 4, 1959, the plaintiff in the United action, through a new attorney, Mr. Julien, filed a statement of readiness, and a statement of issue, under the local calendar rules of this Court, in order to place both actions on the trial calendar

On March 10, 1959, the attorney for the defendants opposed the statement of readiness as to both trials. The opposition to the "note of issue" was withdrawn on March 30, 1959 and was so endorsed by Judge Herlands on the affidavit of opposition.

Two pretrials were had in both cases, one before Judge Herlands on March 30, 1959, the other before Judge Levet on April 28, 1959. The two actions were referred to me by the Calendar Judge during the third week of September of this year. At a preliminary conference with the attorneys on September 27, 1960, I set the date for the joint trial to begin October 17th. On October 13, 1960, plaintiff Eastern served a belated reply to defendant Martin's counter-claims.

On the third day of the joint trial, on the afternoon of October 19th, Mr. Julien, the attorney for United, stated, "amicus curiae", that in his opinion this Court did not have jurisdiction of the Eastern v. Martin et al. action. That was the first time that the attention of any Judge of this Court had been called to the question of lack of jurisdiction, due to the absence of diversity of citizenship between the plaintiff Eastern on the one hand and the defendant Shulman on the other.

The following morning, October 20th, the Court heard argument on the question of its jurisdiction in the Eastern case. The attorney for Eastern does not question the fact that Shulman at the time of the institution of the Eastern action was a resident and citizen of the State of New Jersey, and that he is still a citizen of New Jersey. There is no proof that at the commencement of the Eastern action or at any time since then Shulman had a residence in any other State or that he was domiciled in any other State.

The two actions had been ordered to be tried jointly because they both involved the same shipment of stainless steel plates, which were claimed to have been the subject of two certain purchase agreements in June 1957; in the first instance by the partnership Martin Enterprises from United Steel Sales, Inc., and later that month by Eastern Metals Corporation from Martin Enterprises. The stainless steel plates, which had been purchased by United from McLough Steel Corporation, a steel mill located in Detroit, were delivered by United to Martin Enterprises' trucker, Mr. Carroll, in Detroit. The trucker, at the direction of Martin Enterprises, delivered the plates to Eastern at Eastern's warehouse in Newark, New Jersey. Martin Enterprises and United Steel Sales, Inc., dealt in stainless steel but had no warehouses.

The steel plates are asserted by Eastern to have been defective and not of the quality ordered by Eastern from Martin Enterprises. Eastern so notified Martin Enterprises and in turn United was informed by Martin Enterprises of Eastern's claims. Martin Enterprises makes a similar claim against United.

The stainless steel plates were retained by Eastern and were sold by Eastern six months later in January 1958. Eastern has kept the money it received on the sale of the plates, against an asserted claim for damages for loss of prospective profits on alleged contracts which Eastern claims to have made for the resale of the plates. None of those purchasers ever demanded or received any payments from Eastern.

Because the two actions above described, involved, among other issues, sales agreements for the same stainless steel plates, their quality, and what was done with them, much of the testimony in the Eastern case was relevant and material to issues in the United action. The same is true of the testimony in the United action. Further the defendant, Martin Enterprises, pleaded counter-claims in both actions raising similar issues.

When the taking of testimony was completed in both actions on October 24th I informed counsel that I had then concluded that under Section 1447(c) of T. 28 U.S.C., I should first dispose of the legal question of the Court's jurisdiction in the Eastern action before hearing any

argument on the merits. Briefs on that question were ordered and have been submitted.

On the issue of this Court's jurisdiction in the Eastern case, in which both Shulman and Eastern are admittedly citizens of New Jersey, Mr. Berkowitz, the attorney for Eastern has moved under Rule 21 Federal Rules of Civil Procedure to drop Shulman as a party defendant on the grounds that Shulman is not an indispensable party. He argues that the action may then properly be considered and decided by this Court as an action by Eastern against Martin as a partner and against the partnership, Martin Enterprises.

A United States District Court is an "inferior" court, i. e., inferior to the United States Supreme Court. The District Court is a tribunal created by Congress under the power given to Congress by Article 1, Section 8, Clause 9, of the United States Constitution, which provides that Congress shall have power "To constitute Tribunals inferior to the supreme Court". Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 368. The creation and composition of the United States District Courts is presently set forth in T. 28 U.S.C. § 132. A United States District Court has only such jurisdiction as the Congress confers upon the court.

The general jurisdiction of United States District Courts is set forth in T.

28 U.S.C. Chap. 85 (§§ 1331 to 1360). Other statutes, not pertinent, confer jurisdiction on the District Court in certain types of actions. On this motion we are concerned with Section 1332 of T. 28 U.S.C.—the Diversity of Citizenship section [1], in particular with subdivision (a) (1) of that section, relating to actions between citizens of different states.

The New York Partnership Law, Section 10, defines a partnership as follows:

"A partnership is an association of two or more persons to carry on as co-owners a business for profit."

The following quotation from Williams v. Hartshorn, 296 N.Y. 49, 51, 69 N.E.2d 557, 559, is in point:

"While the Legislature has the right to consider a partnership apart from its members (Matter of Schwartzman, 288 N.Y. 568, 42 N.E. 2d 22), in the absence of such legislative treatment, a partnership is not to be regarded as a separate entity distinct from the persons who compose it. Partnership Law, Consol. Laws, c. 39, § 10, Caplan v. Caplan, 268 N.Y. 445, 198 N.E. 23, 101 A.L.R. 1223; Matter of Lyle v. H. R. Lyle Cider & Vinegar Co., 243 N.Y. 257, 153 N.E. 67, 47 A.L.R. 840; Matter of Peck, 206 N.Y. 55, 99 N.E. 258, 41 L.R.A.,N.S., 1223; Park v. Union Mfg. Co. supra [45 Cal.App. 2d 401, 114 P.2d 373]."

1. "§ 1332. Diversity of citizenship; amount in controversy; costs.

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States;

"(2) citizens of a State, and foreign States or citizens or subjects thereof; and

"(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

"(b) Except when express provision therefore is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the

sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

"(d) The word 'States', as used in this section, includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico. As amended July 26, 1956, c. 740, 70 Stat. 658; July 25, 1958, Pub.L. 85–554, § 2, 72 Stat. 415."

The nature of a partner's liability for the debts and obligations of a partnership is stated in Section 26 of the New York Partnership Law as follows:

"26. Nature of partner's liability

"All partners are liable

"1. Jointly and severally for everything chargeable to the partnership under sections twenty-four and twenty-five.

"2. Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

Sections 24 and 25 referred to in subdivision (1) relate to claims based on fraud.

The above quoted section 26 is the same as section 15 of the Uniform Partnership Act, which is the Partnership Law of the State of New Jersey. T. 42: Ch. 1, § 15.

The liability of a partner for the debts and obligations of the partnership has been defined and explained in Ruzicka v. Rager, 305 N.Y. 191, 199, 111 N.E.2d 878, 882, 39 A.L.R.2d 288, from which the following is quoted:

"To some degree the individual liability of a partner is not the ordinary individual liability of one who obligates himself as an individual. Rather, the individual liability of a partner is merely an incident of the partnership liability. Judge Pound writing for the court in Hartigan v. Casualty Co. of America (227 N.Y. 175, 178, 124 N.E. 789, 790, supra) phrased the conception clearly and concisely as follows: 'When a partnership is established, the liability of the individual partners is an incident of the partnership merely, not a separate and independent liability.' We think the Hartigan case and Geitner v. United States Fidelity & Guar. Co. (251 N.Y. 205, 167 N.E. 222) point this up very clearly.

"The difference in the relationship of a partner as such and as an individual to creditors, e. g., the unavailability of partnership assets for execution on individual claims and the priorities of firm and individual creditors upon insolvency, further illustrate the general principle that a person who holds membership in a partnership acts, serves and is obligated in two distinct and differing capacities (See Partnership Law, §§ 51, 71; Debtor and Creditor Law, Consol.Laws, c. 12, § 277.)"

The liability of the partners for an obligation of the partnership, arising from a breach of contract by the partnership, is joint. That is the situation in the case at bar. Neither Shulman nor Martin entered into a separate obligation to perform the partnership contract made by Eastern with Martin Enterprises.

■ The citizenship of a partnership under T. 28 U.S.C. § 1332, the Diversity statute, is that of the partners. The partnership has no citizenship separate and distinct from its partners. That was decided in Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842, from which the following is quoted:

"The rule that for purposes of jurisdiction and within the meaning of the clause of the Constitution extending the judicial powers of the United States to controversies between citizens of different states, a corporation was to be deemed a citizen of the state creating it, has been so long recognized and applied that it is not now to be questioned. No such rule, however, has been applied to partnership associations although such associations may have some of the characteristics of a corporation. When the question relates to the jurisdiction of a circuit court of the United States as resting on the diverse citizenship of the parties we must look in the case of a suit by or against a partnership association to the citizenship of the several persons composing such association."

The language used by the Sixth Circuit Court of Appeals in Grant County

Deposit Bank v. McCampbell, 194 F.2d 469, 471, is directly in point:

"Where a partnership is a party to litigation, diversity of citizenship depends upon the citizenship of each individual partner. Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, affirmed, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 457, 20 S.Ct. 690, 44 L.Ed. 842.

\* \* \* \* \* \*

"In our opinion, a partner has an interest in a partnership account arising out of a partnership transaction and is an indispensable party to an action seeking its enforcement. Snodgrass v. Broadwell, 12 Ky. 353, 2 Litt. 353, 356–357; Vinal v. West Virginia Oil & Land Co., 110 U.S. 215, 4 S.Ct. 4, 28 L.Ed. 124; City of Orlando v. Murphy, 5 Cir., 77 F.2d 702, 703, Minez v. Merrill, D.C.S.D. N.Y., 43 F.2d 201; Charne v. Essex Chair Co., D.C., 92 F.Supp. 164."

" 'Residence' and 'citizenship' are not the same things for purposes of federal diversity jurisdiction". Telesphore Couture v. Watkins, D.C., 162 F.Supp. 727, 730, citing appellate court cases.

■■■ "For the purpose of federal diversity jurisdiction, a party is a citizen of the state in which he is domiciled." Hayms v. Columbia Pictures Corp., D.C., 16 F.R.D. 118, 120, citing Williamson v. Osenton, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758. Domicile involves the intention of the party to reside permanently or indefinitely in the place where he lives, has his home. 28 C.J.S. Domicile § 11, p. 16. In re Dorrance's Estate, 115 N.J.Eq. 268, 170 A. 601, 603. The length of Shulman's residence (since 1955) in the place of his abode in New Jersey indicates such an intention on his part during all of that time to reside there indefinitely, and establishes that residence as his domicile. He resides in New Jersey and votes there. There is no proof that he had a residence in any other State since 1955. He was a citizen of New Jersey when the Eastern action was commenced in the New York Supreme Court September 11, 1957 and when it was transferred to this Court September 24, 1957. He is still a citizen of New Jersey. Indeed Shulman's New Jersey citizenship is uncontroverted and is conceded by the attorney for Eastern. The claim of Eastern's attorney is that Shulman is not an indispensable party to the action and so may be dropped.

Title 28 U.S.C., Chapter 89 (§§ 1441 to 1450) controls the removal of actions from State courts to United States District Courts.[2]

2. "§ 1441. Actions removable generally

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties' or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its orginal jurisdiction. June 25, 1948, c. 646, 62 Stat. 937."

"§ 1446. Procedure for removal

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all

The petition filed by Martin for removal of the Eastern action to this Court did not state all the facts as to the citizenship of the defendant partners. It stated Martin's own citizenship (New York) and that the partnership had its office in New York City, but it failed to state that Shulman, the other partner of Martin Enterprises, was a citizen of New Jersey.

The motion presently before the Court, to drop Shulman as a party defendant (Rule 21 F.R.Civ.Proc.) [3] is made by Eastern to prevent the remanding of the Eastern action to the State court, under subdivision (c) of Section 1447, T. 28 U.S.C. quoted in footnote 2.

The Court has not as yet decided the issues in the case and has not rendered any final judgment. If the Eastern action was removed to this Court from the State court without jurisdiction, i. e., without proper diversity of citizenship between indispensable parties, then it is the duty of this Court to remand the case to the State court and to make a proper order to that effect.

The attorney for Eastern argues that Section 222–a of the New York Civil Practice Act [4] and Rule 17 of the Federal

process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

"§ 1447. Procedure after removal generally

"(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

"(b) It may require the petitioner to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court.

"(c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

"(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. June 25, 1948, c. 646, 62 Stat. 939, amended May 24, 1949, c. 139, § 84, 63 Stat. 102.

3. Rule 21
"Misjoinder and Non-Joinder of Parties
"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

4. § 222–a New York Civil Practice Act
"Action or proceeding in partnership name
"Two or more persons carrying on business as partners may sue or be sued in their partnership name whether or not such name comprises the names of the persons. If the persons be defendants in an action or proceeding, the summons or other process may be served upon any one or more of them with like effect as though all of the persons had been named as defendants by their own respective names. Where a judgment is taken against the defendants, the clerk with whom the judgment-roll is filed, must write upon the docket opposite the name of each defendant upon whom the summons was served, the word 'summoned'; and a like entry must be made by each county clerk with whom the judgment is afterwards docketed. An execution upon such judgment may be collected out of the real and personal property of the partnership, and out of the real and personal property of the

Rules of Civil Procedure [5] support his contention that the partnership Martin Enterprises is a legal entity separate from its partners Shulman and Martin. From that he concludes that Shulman is not an indispensable party in Eastern's action, and that with Shulman dropped the action may proceed against Martin, one of the partners, and the partnership, Martin Enterprises.

 Section 222–a New York Civil Practice Act deals with the "capacity" of the members of a partnership to sue and be sued in their partnership name. It also provides that the summons "may be served upon any one or more of them with like effect as though all of the persons had been named as defendants by their own respective names". The section makes the partnership a legal entity for procedural purposes. Ruzicka v. Rager, 305 N.Y. 191, 197, 111 N.E.2d 878, 39 A.L.R.2d 288, holds that under Section 222–a New York Civil Practice Act "for [the] purposes of pleading, a partnership is to be regarded as a legal entity". The word "pleading" is italicized in the Court

of Appeals opinion. Judge Kaufman held in Koons v. Kaiser, D.C., 91 F.Supp. 511, 516, 517, that under New York law "the partnership is not a separate jural entity from that of its individual partners" and "its residence is that of the individual partners".

 Rule 17(b) Federal Rules Civil Procedure provides that the "capacity" of a partnership to sue or be sued, which has no such capacity by the law of the State in which the district court is held, may sue or be sued in its common name if the purpose of the suit is to enforce a substantive right existing under the Constitution or laws of the United States. The substantive right last mentioned is one where the district court would have jurisdiction under T. 28 U.S.C. § 1331. Federal rights must be in issue under Section 1331. Busby v. Electric Utilities Union, 323 U.S. 72, 65 S.Ct. 142, 89 L.Ed. 78; Association of Westinghouse Salaried Employees v. Westinghouse Corp., 348 U.S. 437, 455, 75 S.Ct. 489, 99 L.Ed. 510. The claimed jurisdiction of this Court in the case at bar is based on Sec-

persons summoned, whose names shall be indorsed on the execution." (Added Laws 1945, ch. 842, in effect Sept. 1).

5. Rule 17, Federal Rules Civil Procedure "Parties Plaintiff and Defendant; Capacity

"(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States.

"(b) Capacity to Sue or Be Sued. The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district

court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C. §§ 754 and 959(a). As amended Dec. 27, 1946, effective March 19, 1948; Dec. 29, 1948, effective Oct. 20, 1949.

"(c) Infants or Incompetent Persons. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

tion 1332, the diversity of citizenship statute.

The United States Supreme Court by the adoption of Rules of Civil Procedure cannot enlarge the jurisdiction of this Court. Only the Congress can do that. United States v. Sherwood, 312 U.S. 584, 589–590, 61 S.Ct. 767, 85 L.Ed. 1058. Rule 17, Federal Rules Civil Procedure does not enlarge the jurisdiction of the District Court over partnerships under the Diversity of Citizenship statute, § 1332, of T. 28 U.S.C.

■ The capacity to sue and the citizenship of a litigant do not mean the same thing. They are not synonymous under a Diversity statute, T. 28 U.S.C. § 1332 or Rule 17. A litigant may have the capacity to sue or be sued in the District Court and yet because of a lack of diversity of citizenship between that litigant and a litigant on the opposite side of the action, this Court would not have jurisdiction under Section 1332 to hear and decide the action. The capacity of the partners to sue and be sued in their partnership name does not confer a citizenship on the partnership. The citizenship of the partnership under the Federal decisions is the citizenship of the individual partners who comprise the partnership, as established by a line of decisions from which quotations have been selected in the first half of this opinion.

The liability of the partners for an obligation of the partnership, an obligation based on a breach of contract by the partnership is a joint liability of the partners. All of the partners are indispensable parties to an action to enforce the liability.

■ It is with reluctance that I have reached the conclusion that at this late date the action of Eastern v. Shulman and Martin and Martin Enterprises must be remanded under T. 28 U.S.C. § 1447(c) to the New York Supreme Court, New York County, from which it was removed here in September 1957, improvidently and without any jurisdiction in this District Court to entertain it. Jurisdiction where it does not exist under the statute cannot be conferred on this Court either by consent of the litigants (Peoples Bank of Belleville v. Calhoun (Winslow) et al., 102 U.S. 256, 260, 26 L.Ed. 101; St. Louis Smelting & Refining Co. v. Nix, 8 Cir., 272 F. 977; American Fire & Cas. Co. v. Finn, 341 U.S. 6, 18, 71 S.Ct. 534, 95 L.Ed. 702), or through their oversight or inaction. In the Eastern case Martin, one of the partners of Martin Enterprises, should have known that his partner Shulman was a resident of New Jersey and should have so informed his attorney who then could have inquired into Shulman's citizenship before filing a petition for the removal of the action to this Court.

■ The filing of the petition for removal is an ex parte matter. An allegation of Shulman's New Jersey citizenship would have alerted the attorney for the plaintiff Eastern, a New Jersey corporation, to the fact that there was not the requisite diversity of citizenship between his client and Shulman and he could have moved promptly to have the Eastern action remanded to the State court. If there had been an allegation of Shulman's New Jersey citizenship, that probably would have been noted by some one of the Judges of this Court who heard various motions and other applications in this case, especially the motions to consolidate the United case and the Eastern cases for trial or to order a joint trial of the two cases. Where there are a number of defendants being sued, the defendant desiring to remove the action from the State court to the District Court, in complying with Section 1446(a) should state in his petition the citizenship of all the defendants and the citizenship of all the plaintiffs, where the asserted basis of jurisdiction in the District Court, is under Section 1332, the Diversity of Citizenship of the opposing litigants. Perhaps an additional local rule on the removal of actions, could emphasize the need of such a statement, where a partnership and its partners are parties to the action.

This Court will prepare and sign an appropriate order remanding the Eastern action (Civil 125–45) to the Supreme

Court of the State of New York, New York County.

As hereinbefore stated, this Court has jurisdiction in the action of United against Shulman and Martin as copartners of Martin Enterprises and the partnership. (Civil 124–189). In that action there is complete diversity of citizenship between the plaintiff United and all the defendants. The taking of the proof of the parties in that case having been completed, this Court will hear a summation by the attorneys on the merits and will thereafter write an opinion deciding the case on the merits. A mutually convenient date for the summation will be fixed by the Court.