Benjamin Brenner, J.
Defendant moves to dismiss the complaint pursuant to subdivision 3 of rule 107 of the Rules of Civil Practice, contending that there is presently pending in the Municipal Court another action between the same parties for the same cause.
Plaintiffs concede that the causes are the same but they argue that the parties are different. They began an action against two persons, other than Houston, doing business as Ridgewood Auto Laundry, these persons being listed as the only partners on the “ certificate for partners ” filed in the County Clerk’s office at that time. Subsequently plaintiffs learned that Houston was one of the partners and they then commenced this action against him, doing business as Ridgewood Auto Laundry.
The defendant argues that even though the persons named are different, both actions are in reality against the partnership and therefore the prior action will dispose of the entire litigation. The plaintiffs urge that since the persons named are different both actions are maintainable.
While the persons named are different it is the partnership that is sued in both actions, not the individual partners. Though it has long been the rule that a partnership is not, in the eyes of the law, an entity separate from its members, the Legislature has seen fit to recognize partners as legal entities for procedural purposes (Civ. Prac. Act, § 222-a; Ruzicka v. Rager, 305 N. Y. 191; Eleventh Annual Report of N. Y. Judicial Council, 1945, p. 221 et seq.).
*1079 If the plaintiffs were to recover a judgment in the Municipal Court action they would be adequately protected even though Houston is not a defendant therein. Such a judgment could be entered against all the partners (Civ. Prac. Act, § 1197) but could only be satisfied out of the partnership assets and the individual assets of the partners who were served (Civ. Prac. Act, § 1199). However, the plaintiffs are further protected by section 1201 of the Civil Practice Act which allows them to bring a separate action against a partner who was not served if the judgment cannot be satisfied from the partnership assets and the individual assets of the partners actually served.
On the other hand, if the defendants in the Municipal Court action were to recover judgment it would be a bar to any suit by plaintiffs against Houston since obviously the liability for tort occasioned through the conduct of the partnership which the plaintiffs are there seeking to establish would be the identical liability sought to be determined here against one of such partners. The motion is granted.
Settle order on notice.