In re CARE ENTERPRISES, INC., and related entities, including:

1. First Ohio Investment Group, Inc.;

2. Americare Corp.;

3. Americare Southwest, Inc.,

4. Americare Southwest of Arizona, Inc.;

5. Ladera Health Care Center, Inc.;

6. Rio Rancho Health Care Center, Inc.;

7. Las Palomas Health Care Center, Inc.;

8. Boone County Health Care Corp., Debtors.

AMERICARE CORP., a corporation; Americare Southwest, Inc. a corporation; Americare Southwest of Arizona, Inc., a corporation, Plaintiffs,

v.

Ralph E. HAZELBAKER, an individual; John N. Haemmerle, an individual; Alliance Health Care Company, a general partnership; Columbus West Health Care Co., a limited partnership; Las Cruces Health Care Co., a limited partnership; Camino Del Sol Health Care Co., a limited partnership; Pecos Health Care Co., a limited partnership; Roswell Health Care Company, a limited partnership; Rio Rancho Health Care Company, a general partnership; Las Palomas Health Care Co., a general partnership, Defendants.

AMERICARE CORP., a corporation; Americare Southwest, Inc., a corporation; Americare Southwest of Arizona, Ins., a corporation, Counterclaimants,

v.

Ralph E. HAZELBAKER, an individual; Alliance Health Care Co., a general partnership; Alliance Healthcare Corp., a corporation; Columbus West Health Care Co., a limited partnership; Las Cruces Health Care Co., a limited partnership; Camino Del Sol Healthcare Co., a limited partnership; Pecos Health Care Co., a limited partnership; Roswell Health Care Co., a general partnership; Rio Rancho Health Care Co., a general partnership; Las Palomas Health Care Co., a general partnership; Ladera Health Care Co., a general partnership; John M. Haemmerle, an individual; Camino Del Sol Ltd., an Illinois limited partnership; William Cseplo, an individual; Ray Gaulke, an individual; Chester Bradeen, an individual; Thomas Stewart, an individual; Gerico Company, an individual; Dennis Sherman, an individual; David Hill, an individual; Tri–Inv. Co., a partnership; Camino Investment Corp., an Ohio corporation, Counterdefendants.

Bankruptcy Nos. LA 88–06398 AG, LA 88–06869 AG to LA 88–06874 AG, LA 88–05167 AG, LA 88–05168 AG.

Adv. No. LA 89–0070 AG.

United States Bankruptcy Court, C.D. California.

April 12, 1990.

Bruce T. Smyth Weissburg and Aronson, Inc., Los Angeles, Cal., for plaintiffs and counterclaimants.

Paul Brent, Steinberg, Nutter & Brent, Santa Monica, Cal., for defendants and counterdefendants, with exception of William Cseplo.

Richard Esterkin, Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for counterdefendant, William Cseplo.

## STATEMENT

ARTHUR M. GREENWALD,
Bankruptcy Judge.

The debtor/plaintiffs have filed a complaint objecting to claims filed by the named defendants against the debtor/plaintiffs' estates, asserting twenty-one claims for relief.

Each claim for relief identifies the suing debtor/plaintiff and the defendant against whom relief is sought. The debtor/plaintiffs request the disallowance of the defendants' claims.

Each claim for relief alleges that the defendant has filed a general unsecured claim against the debtor/plaintiff's estate, and denies generally that the debtor/plaintiff is indebted to the defendant for the amount asserted in the claim.

In addition, most of the claims for relief specifically allege that the debtor/plaintiffs have not breached the applicable management, assignment and/or indemnity agreement upon which the defendants' claims are based.

With the exception of the defendants, Ralph E. Hazelbaker and John N. Haemmerle, the defendants named are partnerships organized under the laws of the State of Ohio. The complaint alleges that the action constitutes a core proceeding.

The debtor/plaintiffs also have filed forty-one counterclaims, asserting that these counterclaims arise out of the same transactions and occurrences as the defendants' claims. Named as counterdefendants are the defendants named in the complaint, as well as the following additional parties alleged to be general partners of certain of the partnerships named as defendants and counterdefendants.

| Additional Party | Defendant/Counterclaimant Partnership | Relationship |
| --- | --- | --- |
| William Cseplo | Columbus West Co. | General Partner |
| Ray Gaulke | Alliance Health Care Co. | General Partner |
| Chester Bradeen | Alliance Health Care Co. | General Partner |

**236**

| Additional Party | Defendant/Counterclaimant Partnership | Relationship |
| --- | --- | --- |
| Thomas Stewart | Alliance Health Care Co. | General Partner |
| Gerico Company | Alliance Health Care Co. | General Partner |
| Dennis Sherman | Alliance Health Care Co. | General Partner |
| Tri–Inv. Co. | Alliance Health Care Co. | General Partner |
| Camino del Sol, Ltd. | Camino del Sol Health Care Co. | General Partner |
| Camino Investment Corp.[1] | See footnote 1 below. | |

It is alleged that the counterclaims are core proceedings under 28 U.S.C. § 157(b).

Each counterclaim identified one or more of the defendant partnerships and the general partners of that partnership.

One or more of these counterclaims allege a breach of the management agreements, assignment agreements, and/or indemnity or guarantee agreements referred to in the complaint and the defendants' claims filed against the debtor/plaintiffs' estates.

In addition, one or more of the counterclaims allege a tortious breach of the implied covenant of good faith and fair dealing, quasi contract, money had and received, or money borrowed and paid. These assertions appear to stem from the agreements and related transactions which are the subject of the defendants' claims and the debtor/plaintiffs' complaint.

In response to the complaint and counterclaims, the defendants and counterdefendants filed a motion to dismiss the complaint and counterclaims pursuant to Bankruptcy Rule 7012(b) and Rule 12(b) Fed.R. Civ.P. A separate motion was filed by the counterdefendant, Cseplo.

Prior to the resolution of these motions, the defendants and counterdefendants filed with the District Court a motion to withdraw the reference pursuant to 28 U.S.C. § 157(d). This motion is presently before the Honorable William J. Rea, District Judge Presiding. This Bankruptcy Court has stayed further proceedings in this adversary action pending Judge Rea's disposition of the motion. In accordance with 28 U.S.C. § 157(b)(3), this Bankruptcy Court has been requested to determine whether the complaint and counterclaims constitute core proceedings.

## DECISION

This Bankruptcy Court, having considered the moving and opposition papers, as well as the arguments of counsel, finds that the twenty-one claims for relief asserted in the complaint constitute core proceedings in accordance with 28 U.S.C. § 157(b)(2)(B), as each of these claims for relief concern the allowance or disallowance of claims asserted by the defendant against the debtor/plaintiffs' estates.

This Court also finds that in accordance with 11 U.S.C. § 157(b)(2)(C), the forty-one counterclaims asserted against the counterdefendants are core proceedings, as the partnerships and their named general partners constitute persons who have filed claims against the debtor/plaintiffs' estates.

## DISCUSSION

*All The General Partners Named In The Counterclaims Constitute Persons Who Have Filed Claims Against The Debtor/Plaintiffs' Estates.*

■ There does not appear to be any dispute that the claims for relief asserted in the complaint constitute core proceedings in accordance with 28 U.S.C. § 157(b)(2)(B), as they concern the allowance or disallowance of claims filed against the debtor/plaintiffs' estates. Nor is there any disagreement that to the extent that counterclaims are asserted against the

1. Camino del Sol, Ltd., allegedly is a general partner of Camino del Sol Health Care co., the latter having filed a claim against the debtor/plaintiffs' estates.

Camino Investment Corp. allegedly is a general partner of Camino del Sol, Ltd. Neither filed a claim against the debtor/plaintiffs' estates.

partnerships and the individuals named as defendants in the complaint, these counterclaims are core proceedings under 28 U.S.C. § 157(b)(2)(C), as these counterdefendants constitute persons who have filed claims against the estates.

However, the counterdefendants, Cseplo, Gaulke, Bradeen, Steward, the Gerico Company, Dennis Sherman, Tri–Inv. Co., Camino del Sol, and Camino Investment Corp., assert that as they did not file proofs of claims against the debtor/plaintiffs' estates, the counterclaims as to each of them are non-core.

This Court does not find the counterdefendants' argument persuasive.

Counterdefendant, Cseplo, is alleged to be one of three general partners of the defendant and counterdefendant, Columbus West Health Care Co., (Columbus West). It is alleged that Cseplo possesses a sixty percent interest in the profits and losses of Columbus West. Columbus West has filed a creditor's claim with a face amount of $13,439,926.00 against Americare Corp., reportedly based on the alleged breach of the management agreement by Americare Corp.

The counterclaim by Americare Corp. against Columbus West seeks damages for the alleged breach of the management agreement by Columbus West and the recovery of over one million dollars alleged to have been advanced to such partnership. It is alleged that these monies directly benefited Cseplo.

Americare Corp. also seeks $727,140.00 from Columbus West for the alleged repayment of working capital advance loans made by Americare Corp., plus $360,666.00 due for non-working capital advance loans made by Americare Corp., plus $272,587.00 due to its alleged loss of compensation for management of the facility, plus the alleged lost future profits and the alleged loss in the value of the option to purchase the facility at 97.5 percent of fair market value.

Counterdefendants Gaulke, Bradeen, Stewart, Sherman and Tri–Inv. Co. are alleged general partners of Alliance Health Care Co. (Alliance). It is alleged that these partners possess approximately a one-half interest in the profits and losses of Alliance. Alliance has filed two creditor's claims against Americare Corp., one in the amount of $14,506,188.82, alleged to be based upon a breach of the management agreement by Americare Corp., and the other in the amount of $2,700,000.00, alleged to be based upon a breach of an assumption agreement.

The counterclaim by Americare Corp. against Alliance seeks damages for the alleged breach of the management agreement by Alliance, and the recovery of $330,754.00 for the alleged repayment of working capital advance loans made by Americare Corp., plus $203,728.00 due for alleged non-working capital advance loans by Americare Corp., plus $268,573.00 due to an alleged loss of compensation for the management of the facility, plus the alleged loss of future profits and the alleged loss in the value of the option to purchase the facility at 97.5 percent of fair market value.

Counterdefendant, Camino del Sol, Ltd., is an alleged general partner of the defendant and counterdefendant, Camino del Sol Health Care Co. Counterdefendant, Camino Investment Corp., is the alleged general partner of the counterdefendant, Camino del Sol, Ltd. Camino del Sol Health Care Co. filed a creditor's claim against Americare Southwest of Arizona, Inc. in the face amount of $6,383,438.00, for the alleged breach of the management agreement, and a creditor's claim against Americare Corp. in the face amount of $4,915,500.00, for the alleged breach of an assumption agreement.

The counterclaim by Americare Southwest of Arizona, Inc. seeks not only damages for the alleged breach of the management agreement by Camino del Sol Health Care Co., but also the recovery of $2,496,376.00 for the alleged repayment of working capital advance loans made by Americare Southwest of Arizona, Inc., plus $99,575.00 due to the alleged loss of compensation for management of the facility, and allegedly lost future profits.

In the case of *Scott v. United States*, 354 F.2d 292, 299, 173 Ct.Cl. 650 (1965), the Court of Claims stated, in pertinent part, as follows:

█ The theoretical argument that the partnership is an entity and it, rather than the partners individually, must be held to be the sole plaintiff in this suit does not convince us. Unlike corporations, partnerships are not consistently treated as units, but just as often (or more so) as an aggregation or combination of individuals. Uniform Partnership Act § 6. That they may bring suit in the entity name (e.g., "Linda Scott, A Partnership Consisting of Harold Beeten, Edward Frank and Sam M. Slosberg * * * "), rather than in the name of the co-owners (e.g., "A & B, Partners Trading As * * * "), does not usually determine the way courts will view them for a particular purpose, and is generally no more than a matter of form or preference. The choice of how to deal with partnerships in various contexts must be based on weightier considerations of substance. The salutary objectives of the counterclaim rules should not turn on the sequence of the names in the pleadings, or be defeated by a reversal of that order. Nor should the rules be read as permitting partners to avoid individual counterclaims by the simple expedient of bringing the action in the name of the partnership and omitting their own names entirely.

We recognize that, in these days, courts consider partnerships as entities for some procedural purposes—such as venue and service of process (see *Joscar Co. v. Consolidated Sun Ray, Inc.*, 212 F.Supp. 634, 634–638 (E.D.N.Y.1963))—but the ultimate aim of such treatment is usually fairness and convenience, rather than the acceptance of the entity theory for all purposes. Cf. *Sperry Products Inc. v. Association of American Railroads*, 132 F.2d 408, 410–411 (C.A.2, 1942). Thus, while state statutes permit partnerships to sue and be sued in the partnership name, and Federal Rule of Civil Procedure 17(b) similarly provides in suits for the enforcement of rights existing under the Constitution and laws of the United States, the main reason for adoption of these provisions is that plaintiffs suing partnerships under the common law rule were burdened with the task of ascertaining and naming the members of the partnership as defendants. See *Ruzicka v. Rager*, 305 N.Y. 191, 111 N.E.2d 878, 881 (1953); 2 Barron & Holtzoff, Federal Practice and Procedure § 487 (Wright ed.1961). In the present situation, however, there are no similarly compelling practical reasons to consider partnerships as entities, rather than as aggregates of individuals. Whatever merit there may be to the point that consistency entails a uniform entity treatment of partnerships for all procedural purposes, we find outweighed by the realistic considerations mentioned earlier, as well as by the theory of the present-day counterclaim system (to be discussed presently). (footnote omitted)

In the instant case, there is no dispute that the objecting general partners did not file proofs of claims, or otherwise make a claim against the debtor/plaintiffs' estates. However, this Court is of the view that fairness and the realistic considerations in this case require that this Court recognize the partnerships named in the complaint and counterclaims as an aggregate of individual persons rather than a separate entity.[2] As such, the claim filed against the debtor/plaintiffs' estates by the partnerships are deemed to have been filed by the named general partners, as well. Accordingly, the general partners constitute persons filing claims against the estate within the meaning of 28 U.S.C. § 157(b)(2)(C). Therefore, the counterclaims asserted against them are core proceedings.

In arriving at this determination, the Court believes that the realistic considerations which compel the adoption of the aggregate approach are (1), the general

---

**2.** Under Ohio law, a partnership is defined as an association of two or more persons to carry on as co-owners a business for profit. See Section 1775.05, Ohio Revised Code, Appendix A, attached.

partners will personally benefit from the claims filed by their partnership,[3] (2) under Ohio law, these general partners bear person liability for obligations of these partnerships,[4] (3) the purpose in naming these general partners is to establish personal liability and facilitate the collection of any judgment secured against the partnership, and (4) having the partnerships and general partners before the Court in one lawsuit will facilitate judicial economy.

Further, this Court believes that fairness dictates that if the general partners are in a position to acquire substantial benefits from the asserted partnership claims, they should be prepared to accept the burdens of being general partners, including becoming parties to proceedings wherein the partnerships' claims and the claims against these partnerships will be determined in one lawsuit.

*Cseplo And The Other General Partners Are Not Third–Party Claimants*

■ Cseplo and the other objecting general partners contend that the claims asserted against them are third-party claims and not counterclaims. This argument also lacks merit, as Cseplo and these general partners are appropriate counterdefendants under Rule 13(h), Fed.R.Civ.P.

Rule 13(h) provides that "[p]ersons other than those made parties to the original action may be made parties to a counterclaim in accordance with the provisions of Rules 19 and 20."

Joinder of the general partners in question satisfies the requirements of Rule 19(a), Fed.R.Civ.P. because if they were not named, complete relief may not be accomplished from those who are named as counterdefendants.

Their joinder as counterdefendants also satisfies Rule 20(a), Fed.R.Civ.P., which provides that all persons may be joined as defendants if there is asserted against them jointly or severally any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question or law or fact common to all defendants will arise in the action. Under Ohio law, the general partners appear to be jointly liable as to the contractual obligations of the partnership and jointly and severally liable with respect to the tort claims asserted against these partnerships. Therefore, Cseplo and the objecting general partners are parties to the counterclaims under Rule 13(h).

### APPENDIX

### OHIO REVISED CODE ANNOTATED

§ 1775.05  PARTNERSHIP DEFINED

(A) A partnership is an association of two or more persons to carry on as co-owners a business for profit.

(B) Any association formed under any other statute of this state, or any statute adopted by authority, other than the authority of this state, is not a partnership under sections 1775.01 to 1775.42, inclusive, of the Revised Code, unless such association would have been a partnership in this state prior to September 14, 1949, but such sections apply to limited partnerships except in so far as the statutes relating to such partnerships are inconsistent herewith.

§ 1775.14  LIABILITY OF PARTNERS

Subject to section 1339.65 of the Revised Code, all partners are liable as follows:

(A) Jointly and severally for everything chargeable to the partnership under sections 1775.12 and 1775.13 of the Revised Code. This joint and several liability is not subject to division (d) of section 2315.18 of the Revised Code

---

**3.** In the *Scott* case, the Court of Claims stated as follows regarding such person benefit.

"[J]udgments rendered on partnership demands result in an immediate pro rata gain to the individual partners, since they actually own the claim in most senses. Inherent in the notion of ticking off the parties' debts and obligations to achieve an ultimate balance—the con-cept underlying the counterclaim rules—is the necessary condition that the parties against whom counterclaims may be lodged have a personal, beneficial interest in the claim declared in the complaint or petition." 354 F.2d at 301.

**4.** See Sections 1775.12 through 1775.14, Ohio Revised Code, Appendix A, attached.

with respect to a negligence claim that otherwise is subject to that section.

(B) Jointly for all other debts and obligations of the partnership, but any partner may enter into a separate obligation to perform a partnership contract.

## § 1775.12 LIABILITY FOR WRONGFUL ACT OF PARTNER

Where loss or injury is caused to any person not a partner in the partnership or any penalty is incurred, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his partners, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

## § 1775.13 PARTNERSHIP BOUND BY PARTNER'S BREACH OF TRUST

The partnership is bound to make good the loss:

(A) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it;

(B) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.